[Cite as *State v. Smith*, 2012-Ohio-926.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97038

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ERIC SMITH

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521598

**BEFORE:** Stewart, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, OH    44113-1901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Marc D. Bullard
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant, Eric Smith, appeals from an eight-year term of incarceration that was imposed at a resentencing hearing. He complains that the trial court ordered the same sentence that it had previously given him, did not weigh seriousness and recidivism factors when considering the felony sentencing guidelines, and did not state that it considered the requisite sentencing factors. Smith requests this court to vacate his sentence and remand for another sentencing hearing. We reverse and remand this case to the trial court, but for reasons different from those asserted by appellant.

{¶2} Smith, while being arrested for his participation in a buy bust operation, became involved in a skirmish with a law enforcement officer after he attempted to wrestle away the officer's service weapon. In response, the officer kicked Smith in the chest and never lost control of his weapon. Smith was charged with aggravated robbery in violation of R.C. 2911.01(B)(1) with both a one-year and a three-year firearm specification, and drug possession pursuant to R.C. 2925.11. After a jury trial, he was found guilty of aggravated robbery with a one-year firearm specification and drug possession. He was sentenced to eight years for the aggravated robbery, one year for the firearm specification, and one year for drug possession, to be served consecutively for a total of ten years.

{¶3} Smith appealed, challenging the weight and sufficiency of the evidence used to convict him. This court affirmed in part and reversed in part after finding that

the evidence was insufficient to sustain his conviction on the one-year firearm specification. We remanded the case with instructions to vacate the firearm specification. *State v. Smith*, 8th Dist. No. 93593, 2010-Ohio-4006, 2010 WL 3353606 ("*Smith I*").

{¶4} A resentencing hearing was held, but was continued by the trial court when it realized that no presentence investigation had been conducted, that Smith's institutional records had not been obtained by defense counsel, and that counsel had not spoken to Smith prior to the hearing.

{¶5} When the resentencing hearing was reconvened three weeks later, defense counsel informed the trial court that in spite of his involvement in several minor infractions while incarcerated, Smith had signed up for several rehabilitative programs. Smith addressed the court and stated that he was attending Bible studies and was also attempting to gain admission into college. The trial court noted that it had considered the institutional reports, and also encouraged Smith to continue his pursuit of higher education. Then, the court reinstated the eight-year term for the charge of aggravated robbery, and the one-year term for drug possession. However, the sentences were ordered to be served concurrently, as opposed to the previously imposed consecutive term, for a total of eight years. The trial court informed Smith that "you got a year off because of your good behavior and things you're doing."

{¶6} In his sole assignment of error, Smith complains that the trial court abused its discretion when sentencing him to an eight-year term of incarceration. He claims that

the trial court failed to reconsider his sentence in its entirety, and relies upon language from this court's decision to reverse his firearm specification conviction to bolster his argument for a sentence reduction for the aggravated robbery count. However, the fact that the trial court reconsidered his sentence at all was error.

{¶7} In *Smith I*, this court sustained Smith's first assignment of error, and the matter was "[r]emanded with instructions to the trial court to vacate the conviction on the one-year firearm specification." Therefore, the trial court on remand was authorized only to follow these instructions, and erred in resentencing Smith because it lacked jurisdiction to do so. "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *State v. Carlisle*, __ Ohio St.3d __, 2011-Ohio-6553, __ N.E.2d __, ¶ 1.

{¶8} Because the trial court lacked authority to resentence Smith, we need not address his assigned error. We reverse and remand to the trial court with instructions to reinstate Smith's original sentence, minus the conviction on the one-year firearm specification.

{¶9} This case is reversed and remanded for proceedings consistent with this opinion.

It is ordered that the parties bear their own costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR