[Cite as *State v. Smith*, 2014-Ohio-3224.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98547

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ERIC SMITH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-521598-A

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, 2nd Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   T. Allan Regas
      Marc D. Bullard
      Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Eric Smith ("Smith"), appeals his consecutive sentence. We find no merit to the appeal and affirm.

{¶2} Smith was charged with one count of aggravated robbery and one count of drug possession. The aggravated robbery charge included one-and three-year firearm specifications. A jury found Smith guilty on both counts, and the one-year firearm specification, but found him not guilty of the three-year firearm specification.

{¶3} On the aggravated robbery charge alleged in Count 1 of the indictment, the court sentenced Smith to an eight-year prison term to be served consecutive to the one year imposed on the one-year firearm specification. On the drug possession charge alleged in Count 2 of the indictment, the court sentenced Smith "to a term of 12 months * * * to be served consecutively to [c]ount 1."

{¶4} On appeal, this court found there was insufficient evidence to sustain the one-year firearm specification and remanded the case with instructions for the trial court to vacate the conviction on the one-year firearm specification. *State v. Smith*, 8th Dist. Cuyahoga No. 93593, 2010-Ohio-4006 ("*Smith I*").

{¶5} On remand, the trial court considered a presentence investigation as well as Smith's institutional records. Smith was enrolled in several rehabilitative programs, was attending Bible studies, and was attempting to gain admission to college. Based on this information, the trial court reinstated the eight-year prison term for the aggravated

burglary charge and the one-year term for drug possession. However, this time the trial court ordered the sentences to run concurrently instead of consecutively. The trial court informed Smith: "[Y]ou got a year off because of your good behavior."

{¶6} Smith appealed his new sentence, arguing the trial court abused its discretion when sentencing him to an eight-year prison term. This court reversed the trial court's judgment, holding that on remand the trial court was only authorized to follow this court's instructions, and erred in resentencing Smith because "it lacked jurisdiction to do so." *State v. Smith*, 8th Dist. Cuyahoga No. 97038, 2012-Ohio-926, ¶ 7 ("*Smith II*"). In remanding the case for the second time, this court instructed the trial court "to reinstate Smith's original sentence, minus the conviction on the one-year firearm specification." *Id*. at ¶ 8. Accordingly, the trial court reinstated Smith's original consecutive sentence without the one-year firearm specification.

{¶7} In his sole assignment of error, Smith argues the trial court erred in imposing a consecutive sentence on remand. He contends his consecutive sentence was contrary to law because the court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶8} However, as we stated in *Smith II*: "'Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.'" *Id*. at ¶ 7, quoting *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1. Furthermore, in *Smith II,* we instructed the trial court "to reinstate Smith's original sentence, minus the conviction on the one-year firearm specification." *Id*. at ¶ 8. The trial court was only authorized to follow these instructions and was

without jurisdiction to conduct a de novo resentencing complete with findings. The trial court complied with this court's mandate and reinstated Smith's original consecutive sentence without the one-year firearm specification.

{¶9} Accordingly, the sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR