[Cite as *State v. Neumeister*, 2016-Ohio-5293.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150531 |
| | | TRIAL NO. B-1105638-A |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| SCOTT NEUMEISTER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  August 10, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1}     Defendant-appellant Scott Neumeister appeals from the Hamilton County Common Pleas Court's August 2015 judgment of conviction, "correct[ing]" its May 2012 judgment of conviction after the court had granted, in part, the relief sought in Neumeister's May 2015 "Motion to Modify Sentence Pursuant to R.C. 2929.51, House Bill 86, R.C. 1.58(B)." Because the 2015 judgment of conviction was improperly entered "nunc pro tunc" to the date of Neumeister's original convictions, we reverse the 2015 judgment and remand for entry of an amended judgment. But we affirm the judgment in all other respects.

{¶2}     In 2011, Neumeister was indicted on 51 counts of theft and passing bad checks in connection with an elaborate check-kiting scheme to defraud multiple merchants and banks. Neumeister and the state entered into a plea agreement whereby Neumeister pled guilty to 14 of the 51 counts in exchange for the dismissal of the remaining counts. On May 14, 2012, the trial court entered a judgment of conviction imposing prison sentences totaling ten years. We affirmed Neumeister's convictions in his direct appeal. *See State v. Neumeister*, 1st Dist. Hamilton No. C-120354 (Mar. 27, 2013).

{¶3}     Neumeister also challenged his convictions in postconviction motions filed in 2012 and 2013. The common pleas court overruled those motions, and Neumeister did not appeal.

{¶4}     In May 2015, Neumeister again challenged his convictions, filing with the common pleas court a postconviction motion captioned "Motion to Modify Sentence Pursuant to R.C. 2929.51, House Bill 86, R.C. 1.58(B)." In support of his motion, he argued, as he had in his 2012 and 2013 motions, that his sentences were

2

contrary to law and void, because he was not sentenced in accordance with 2011 Am.Sub.H.B. No. 86 ("H.B. 86") and *State v. Taylor*, 138 Ohio St.3d 195, 2014-Ohio-460, 5 N.E.3d 612.

{¶5}   In July 2015, he filed a second postconviction motion, this one captioned "Supplemental Motion to Modify Sentence."  In that motion, he expanded upon the "venue issues" he had alluded to in his 2013 motion, by citing the venue statute, R.C. 2901.12(G), to argue that the trial court had lacked "jurisdiction" to convict him on several counts of the indictment because those offenses had occurred outside Hamilton County.

{¶6}   The common pleas court held two separate hearings on Neumeister's 2015 motions, with Neumeister present and represented by counsel.  After argument from counsel and a statement from Neumeister, the court granted in part the relief sought in Neumeister's May 2015 "Motion to Modify Sentence Pursuant to R.C. 2929.51, House Bill 86, R.C. 1.58(B)." Count 40 of the indictment, charging Neumeister with the fourth-degree felony of passing a bad check in the amount of $6,768.38, was the only count to allege a specific amount of loss.  And the state conceded that H.B. 86 had amended the passing-bad-checks statute to require at least a $7,500 loss for a fourth-degree felony.  Accordingly, the court, by entry dated August 18, 2015, granted resentencing on Count 40, but denied the balance of the relief sought in Neumeister's May and July 2015 motions.  Neumeister did not timely appeal the court's rulings on those motions.

{¶7}   On August 27, 2015, the court entered a "correct[ed]" judgment of conviction, "nunc pro tunc 05/08/2012," imposing on Count 40 the same 12-month

3

prison term imposed in 2012. It is from this entry that Neumeister here appeals. On appeal, he presents five assignments of error.

### Res Judicata

{¶8} We note at the outset that, in this appeal from his 2015 judgment of conviction, Neumeister seeks review of matters unrelated to his resentencing on Count 40. In his first assignment of error, he challenges the sentences imposed on other counts to which he had pled, on the ground that those sentences were not imposed in conformity with H.B. 86. In his second assignment of error, he challenges the trial court's jurisdiction to convict him of offenses that had not been committed in Hamilton County, Ohio. In his third assignment of error, he contends that the court erred in trying him for those offenses, because Hamilton County was not a proper venue. And in his fifth assignment of error, he challenges his trial counsel's effectiveness concerning these matters.

{¶9} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from *that judgment*, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). We affirmed Neumeister's convictions in his direct appeal in 2013. *Neumeister*, 1st Dist. Hamilton No. C-120354. The fact that the common pleas court in 2015 resentenced him on Count 40 did not implicate the finality of his convictions on the remaining counts. Accordingly, res judicata barred him from assigning as error in this appeal any matter that either was determined or could fairly have been determined in his

4

2013 appeal. *See State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995).

### *Jurisdiction to Correct a Void Judgment*

{¶10} Of course, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. A judgment of conviction is void to the extent that a sentence is unauthorized by statute or does not include a statutorily-mandated term, or if the trial court lacks subject-matter jurisdiction or the authority to act. *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16.

{¶11} ***Venue and ineffective assistance of counsel.*** We do not reach the merits of Neumeister's third assignment of error, challenging various convictions on the ground that Hamilton County was not the proper venue. Nor do we reach the merits of his challenges in his fifth assignment of error to his trial counsel's effectiveness. Neither the alleged violation of the venue statute nor counsel's alleged ineffectiveness, even if demonstrated, would have rendered Neumeister's convictions void. *See State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981); *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983) (holding that, notwithstanding Ohio Constitution, Article I, Section 10, and R.C. 2901.12, the accused may waive the failure to establish venue); *State v. Hayes*, 1st Dist. Hamilton No. C-130450, 2014-Ohio-1263, ¶ 5 (holding that an ineffective-assistance-of-counsel claim is not reviewable under the jurisdiction to correct a void judgment, because the claim, if demonstrated, would not render a conviction void).

{¶12} *Subject-Matter Jurisdiction.* A judgment imposed by a court without subject-matter jurisdiction is void. *Perry* at paragraph five of the syllabus (holding that a judgment of conviction is void if rendered by a court having either no jurisdiction over the person or no jurisdiction of the subject matter); *accord State v. Blair*, 1st Dist. Hamilton Nos. C-100150 and C-100151, 2010-Ohio-6310, ¶ 13. And Neumeister, in his second assignment of error, contends that the trial court erred in convicting him on certain counts of the indictment, because the court lacked jurisdiction. He asserts that the bill of particulars shows that 11 of the 14 offenses to which he had pled guilty had occurred not in Hamilton County, Ohio, but in Kentucky, Indiana, or Butler County, Ohio. Citing Article I, Section 10, of the Ohio Constitution and R.C. 2939.08, he argues that the grand jury lacked jurisdiction to indict him for those offenses, and thus the trial court lacked subject-matter jurisdiction to convict him of the offenses.

{¶13} But the indictment alleged that the offenses had been committed in Hamilton County. And Neumeister, by his guilty pleas, effectively admitted that fact. *See* Crim.R. 11(B)(1) (providing that "[t]he plea of guilty is a complete admission of the defendant's guilt"); *State v. Morgan*, 181 Ohio App.3d 747, 754, 910 N.E.2d 1075 (1st Dist.2009) (quoting *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), to hold that a defendant, by his guilty plea is both "stating that he did the discrete acts described in the indictment [and] * * * admitting guilt of a substantive crime"). Therefore, we overrule Neumeister's second assignment of error.

{¶14} *H.B. 86.* This court may also review under its jurisdiction to correct a void judgment Neumeister's contention in his first assignment of error that his

6

convictions for passing bad checks and theft as charged in Counts 2, 3, 16, 31, and 34 through 39 are void, because he was not sentenced on those counts in accordance with H.B. 86. *See, e.g., State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545, ¶ 17; *State v. Rammel*, 2d Dist. Montgomery Nos. 24871 and 24872, 2013-Ohio-3045, ¶ 19 (the failure to apply H.B. 86 rendered defendant's sentence void).

{¶15} H.B. 86 reduced the classification of theft-related felonies. For example, prior to the effective date of H.B. 86, passing bad checks as a fifth-degree felony required proof of loss of $500 or more but less than $5,000. Under the amended statute, the monetary range for a fifth-degree felony was raised to $1,000 or more but less than $7,500. *See* R.C. 2913.11. Because Neumeister was sentenced after the effective date of H.B. 86, he was entitled to any reduction in the degree of offense. *See Taylor*, 138 Ohio St.3d 195, 2014-Ohio-460, 5 N.E.2d 612. But, the indictment to which Neumeister pled guilty listed the values of loss in terms of pre-H.B. 86 ranges. Neumeister argues that he did not plead guilty to the amended felony thresholds, and thus he should be resentenced in accordance with the reduced degree of the offenses.

{¶16} With regard to Counts 2 and 3, Neumeister pleaded guilty to passing bad checks in an amount more than $500 but less than $5,000—a fifth-degree felony. Post-H.B. 86, passing bad checks as a fifth-degree felony requires a value of loss of $1,000 or more but less than $7,500. Because the range of loss to which Neumeister pleaded guilty overlaps the range of loss as a fifth-degree felony as stated in the amended version of the statute, Neumeister is not entitled to be resentenced on Counts 2 and 3 for a reduced degree of offense.

{¶17} Nor is Neumeister entitled to resentencing on the theft-related counts. In Counts 31, 34, and 39, Neumeister pleaded guilty to theft as fifth-degree felonies with a value of loss of $500 or more. In Counts 35 to 38, Neumeister pleaded guilty to theft as fourth-degree felonies with a value of loss of $5,000 or more. Finally, in Count 16, Neumeister pleaded guilty to theft of $100,000 or more—a third-degree felony. By pleading guilty to a range of loss without a maximum threshold value, Neumeister has failed to show that he is entitled to resentencing for a reduced degree of these offenses.

{¶18} We, therefore, overrule Neumeister's first assignment of error.

### Nunc Pro Tunc Entry

{¶19} In his fourth assignment of error, Neumeister argues that the trial court erred by materially altering a sentence by means of a nunc pro tunc entry. A nunc pro tunc entry may be issued only to correct a clerical error or to reflect what a court actually decided, not to modify a sentence. *See* Crim.R. 36; *In re E.B.*, 1st Dist. Hamilton No. C-150351, 2016-Ohio-1507, ¶ 9. Neumeister argues that the trial court erred in issuing its entry nunc pro tunc, because the trial court resentenced Neumeister and did not merely correct a clerical mistake.

{¶20} A review of the transcript from Neumeister's sentencing hearing indicates that Neumeister's counsel and the prosecutor agreed "that we can do a nunc pro tunc entry to modify [Count 40] from an F4 to an F5[.]" Neumeister did not object to this procedure. Moreover, Neumeister and his counsel were present at the resentencing hearing and were afforded the opportunity to address the court in accordance with Crim.R. 32(A)(1).

{¶21} Nevertheless, the entry should not have been issued "nunc pro tunc" to 2012 and must be amended to reflect that a resentencing occurred. Because the trial court erred in issuing its August 2015 entry nunc pro tunc to 2012, we sustain Neumeister's fourth assignment of error.

## Conclusion

{¶22} In conclusion, we reverse the trial court's 2015 "nunc pro tunc" judgment of conviction and remand with instructions to enter an amended judgment of conviction to reflect that Neumeister had, in 2015, been resentenced on Count 40. In all other respects, we affirm the court's judgment.

Judgment affirmed in part, reversed in part, and cause remanded.

HENDON, J., concurs.
DEWINE, J., concurs in part and dissents in part.

DEWINE, J., concurring in part and dissenting in part.

{¶23} Both Mr. Neumeister and the state agree the matter should be remanded for resentencing on Count 16. *See* State's Brief at 15 ("Conclusion: The case must be remanded for resentencing on Counts 40 and 16, but should be affirmed in all other respects."). Yet, without explanation, the majority refuses to do so. I must respectfully dissent from that part of the court's decision.

{¶24} A sentence is void "where the court has failed to impose a sentence term that it was mandated by law to impose * * *, or where a court has attempted to impose a sentence that was completely unauthorized by statute." *Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, at ¶ 15. Here, the record affirmatively demonstrates that the court imposed a sentence that was "completely unauthorized by statute."

9

{¶25} Included within the record on appeal is the bill of particulars. In the bill of particulars, the state sets forth "specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense." R.C. 2941.07. As to Count 16, the bill of particulars states that Neumeister committed a theft of $130,608.86 from WesBanco. Under H.B. 86, a theft of this amount should have constituted a fourth-degree felony with the value in the range from $7,500 to less than $150,000. *See* R.C. 2913.02(B)(2). Yet the court sentenced him for a third-degree felony using the pre-H.B. 86 threshold amounts. Thus, based upon the state's own statement of its case, Mr. Neumeister received a sentence that was unauthorized by statute. As a consequence, I would find that the sentence on Count 16 is void and remand for resentencing on that count.

Please note:

The court has recorded its own entry on the date of the release of this opinion.