[Cite as *State v. Kozic*, 2016-Ohio-8556.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 MA 0215 |
| VS. | ) | |
| | ) | OPINION |
| ZOLTAN KOZIC | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 506

JUDGMENT:     Reversed in Part.
Remanded for Limited Resentencing.

APPEARANCES:

For Plaintiff-Appellee     Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant     Zoltan Kozic aka Joey Kozic (Pro-se)
#604-573
P.O. Box 8000
Conneaut, Ohio 44030

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 29, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Zoltan Kozic, appeals the judgment of the Mahoning County Court of Common Pleas resentencing him pursuant to a remand from this Court's judgment in his direct appeal, *State v. Kozic*, 7th Dist. No. 11 MA 160, 2014-Ohio-3788, appeal not allowed, 141 Ohio St.3d 1476, 2015-Ohio-554 (*Kozic I*). As the only prejudicial error committed by the trial court was the imposition of post-release control, Kosic's sentence is reversed in part, and the matter remanded to the trial court for a limited resentencing hearing for the proper advisement and imposition of post-release control.

### Facts and Procedural History

{¶2} Kozic's conviction stems from a rash of burglaries occurring in five counties starting in late 2009 through early 2010. Following the burglaries, law enforcement conducted numerous controlled buys of oxycodone from Kozic and another co-defendant. A Mahoning County grand jury indicted Kozic on nine counts: six second degree felony counts of burglary, R.C. 2911.12(A)(2)(C); two third degree felony counts of drug trafficking, R.C. 2925.03(A)(1)(C)(1)(c); and one first degree felony count of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1)(B).

{¶3} After the trial court dismissed one burglary count the jury found Kozic guilty of all of the remaining counts of the indictment. The trial court sentenced him to an aggregate term of imprisonment of eighteen years. *Kozic I*, ¶1-16, 20-21. Kozic appealed his conviction and sentence. This Court affirmed in part and reversed in part. His convictions on two third degree felonies for drug trafficking, counts 14 and 15, were reversed and a limited remand ordered for the trial court to enter convictions on the lesser included offense of fourth degree felony drug trafficking and to resentence accordingly. The remainder of Kozic's convictions and sentences were affirmed.

{¶4} Pursuant to this Court's limited remand, a resentencing hearing was held. The trial court entered convictions on the lesser included offenses of fourth degree felony drug trafficking on counts 14 and 15. However, the trial court exceeded the scope of the remand by changing which sentences were imposed concurrently

and consecutively, although it reimposed the original eighteen year prison term.

**Sentence**

**{¶5}** As both of Kozic's assignments of error challenge his sentence we will review them together for clarity of analysis:

The appellant's sentence is contrary to law, in violation of R.C. 2953.08(4), Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

When the trial court failed to make findings in connection with imposing a consecutive sentence pursuant to Under R.C. 2929.14(C)(4), it was contrary to law, thereby violating procedural due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**{¶6}** "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶7}** Kozic first argues that his sentence imposed on remand is contrary to law because the judgment entry contained an incorrect term, specifically:

"The prison term is to be followed by a mandatory period of post-release control of **FIVE (5) YEARS** to be monitored by the Adult Parole Authority. Defendant has been informed on this date that they are subject to up to **three (3) years** post release control pursuant to ORC 2967.28. If the Defendant violates that supervision or a condition of post release control imposed under divisions (B) of Section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally

imposed upon defendant."

**{¶8}** Although the inconsistency is obvious, the State argues Kozic was notified of the correct term of post-release control during the hearing; thus the error in the judgment entry is harmless.

> In cases where, as here, an offender is subject to multiple periods of post-release control, 'the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.' R.C. 2967.28(F)(4)(c). Thus, in multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control.

*State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 11.

**{¶9}** At first blush it appears that only a nunc pro tunc entry to correct the typographical error is warranted. However, at the resentencing hearing the trial court stated:

> "When you're released from prison, you will be subject to a mandatory post-release control time of five years……When placed on post-release control, if you violate any term or condition of that, the time you're on post-release control can be increased, the sanctions against you could be increased, or you can be placed back in prison."

**{¶10}** In *State v. Mikolaj*, 7th Dist. No. 13MA152, 2014-Ohio-4007, the trial court failed to advise the defendant at the sentencing hearing that if he violated post-release control the parole board could impose a prison term up to half of his original sentence. In light of this error we held:

> [I]f the sentencing court determines at the sentencing hearing that a

prison term is necessary or required, the court shall notify the offender that if the offender violates any post-release control imposed, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e). This notification must be done at the sentencing hearing (and also placed in the sentencing entry). *State v. Williams*, 7th Dist. No. 11 MA31, 2012–Ohio–6277, ¶ 65; *State v. Whitted*, 7th Dist. No. 11 MA25, 2012–Ohio–1695, ¶ 16. See also *State v. Anthony*, 7th Dist. No. 12JE2, 2013–Ohio–2955, ¶ 38–39.

To correct the lack of statutorily-required notice of post-release control items at the sentencing hearing, the court is to conduct a limited post-release control hearing under R.C. 2919.191(C) and correct the notification issues. See *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958 ¶ 2 of syllabus, ¶ 1, 27–35 (trial court shall apply statute to correct post-July 11, 2006 omissions). See also *State v. Pullen*, 7th Dist. No. 11 MA10, 2012–Ohio–1498, ¶ 19–30.

In *Qualls*, the Supreme Court stated that in order to comply with separation of powers concerns and to meet the requirements of the post-release control statutes, the sentencing court must provide statutorily compliant notification to the defendant regarding post-release control at the time of sentencing, including notification of the consequences for a violation. *State v. Qualls*, 131 Ohio St.3d 499, 2012–Ohio–1111, 962 N.E.2d 718, ¶ 18. The sentencing entry must reflect that the notification was provided "at the sentencing hearing." *Id.* at ¶ 19.

Where the sentencing court fails to properly notify the defendant at the sentencing hearing of the consequences of a violation, the remedy is

different than where the court did in fact give proper notification at the hearing but then clerically failed to restate that notice in the entry. *Id.* at ¶ 21 (nunc pro tunc entry can be used to reflect what actually took place where notification was properly given at sentencing hearing), comparing *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, ¶ 4 (where the court failed to notify of the consequences of a postrelease control violation at sentencing hearing).

In accordance, where the trial court does not advise the defendant at the sentencing hearing that the parole board can impose a prison term of up to one half of his original sentence for a violation of post-release control, this court reverses and remands for a post-release control imposition hearing. See, e.g., *Williams*, 7th Dist. No. 11 MA31, ¶ 67; *Whitted*, 7th Dist. No. 11 MA25 at ¶ 16–17 (such failure cannot be corrected by inclusion of language in an entry).

*Mikolaj* at ¶ 12-16

**{¶11}** Here, the typographical error in the sentencing entry—five or three years of post-release control—could be corrected by a nunc pro tunc entry consistent with the holding in *Darks.* However, the trial court did not advise Kozic at the sentencing hearing that the parole board can impose a prison term of "up to one half of his original sentence for a violation of post-release control." Instead, the trial court informed Kozic that if he violated post-release control, "the time you're on post-release control can be increased, the sanctions against you could be increased, or you can be placed back in prison."

**{¶12}** Pursuant to *Mikolaj,* since the trial court did not advise Kozic at his sentencing hearing that the parole board can impose a prison term of up to one half of his original sentence for violating post-release control, we must reverse this portion of Kozic's sentence so that on remand the trial court can hold a limited sentencing hearing for the proper imposition of post-release control.

**{¶13}** Turning next to Kozic's challenge to the imposition of consecutive sentences, a review of the September 2011 judgment entry clearly demonstrates that there were no findings made regarding consecutive sentences. Although R.C. 2929.14(C)(4) now requires three findings to be made before consecutive sentences are imposed, at the time Kosic was originally sentenced, trial judges were not obligated to engage in judicial fact-finding prior to imposing consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768 – superseded by statute as stated in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶3-4. The amendments to R.C. 2929.14 requiring findings were enacted after he was sentenced. As recognized by our sister district, the General Assembly expressly provided in H.B. 86 that the amendments 'apply to a person who commits an offense specified or penalized under those sections on or after the effective date[.]' " *State v. Jones*, 1st Dist. No. C–110603, 2012-Ohio-2075, ¶14.

**{¶14}** This Court ordered a limited remand in the present matter for resentencing on two counts, 14 and 15. The State also has argued that the trial court had limited jurisdiction to resolve only those two counts and this argument is supported by the First District's recently decided *State v. Neumeister*, 1st Dist. No. C-150531, 2016-Ohio-5293, where the defendant had one count remanded for resentencing but challenged others:

> "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). We affirmed Neumeister's convictions in his direct appeal in 2013. *Neumeister,* 1st Dist. Hamilton No. C–120354. The fact that the common pleas court in 2015 resentenced him on Count 40 did not implicate the finality of his

convictions on the remaining counts. Accordingly, res judicata barred him from assigning as error in this appeal any matter that either was determined or could fairly have been determined in his 2013 appeal. See *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995).

*Neumeister* at ¶ 9.

**{¶15}** Thus, Kozic cannot challenge the trial court's entry for a lack of consecutive sentence findings. However, he further argues that the trial court erred by changing which of his sentences would be served concurrently and consecutively to each other.

**{¶16}** "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. The trial court on remand had no authority to revisit which counts were to be served concurrently or consecutively, its authority was limited to imposing a sentence for the lesser included offenses for counts 14 and 15.

**{¶17}** Although in another case a trial court exceeding its authority on remand could result in prejudicial error, here it does not. On remand the trial court reimposed Kosic's aggregate 18-year sentence. The date an offender can file a motion for judicial release is calculated by the offender's aggregate nonmandatory sentence pursuant to R.C. 2929.20. Thus, this error is harmless as the length of Kosic's aggregate sentence has not been changed and the date he can seek judicial release has not been impacted.

### Conclusion

**{¶18}** Accordingly, Kozic's assignments of error are meritorious in part. The trial court erred by failing to advise Kozic at his resentencing hearing that the parole board can impose a prison term of up to one half of his original sentence for violating post-release control. Accordingly, Kozic's sentence is reversed in part, and the matter remanded to the trial court for a limited resentencing hearing for the proper

advisement and imposition of post-release control.

Donofrio, P. J., concurs.

Robb, J., concurs.