[Cite as *State v. Dillon*, 2017-Ohio-309.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 12-CR-362 |
| | : | |
| RYAN DILLON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ADIAN KING, Atty. Reg. No. 0081882, Adrian King Law Office, LLC, Post Office Box 302, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Ryan Dillon appeals from his resentencing following this court's reversal of

his conviction for aggravated murder.

{¶ 2} The record reflects that a jury found Dillon guilty of aggravated murder, purposeful murder, felony murder, evidence tampering, and receiving stolen property. The offenses stemmed from Dillon's killing of his mother. The verdicts for purposeful murder and felony murder were merged into the aggravated murder as allied offenses at sentencing. The trial court then sentenced Dillon to life without parole for the aggravated murder. It imposed concurrent prison terms of 18 months for receiving stolen property and three years for evidence tampering. (Doc. #72 at 1-2).

{¶ 3} On appeal, this court reversed the aggravated-murder conviction due to an erroneous evidentiary ruling at trial. *See State v. Dillon*, 2016-Ohio-1561, 63 N.E.3d 712, ¶ 27 (2d Dist.). We found the erroneous ruling harmless, however, with respect to the guilty verdicts for purposeful murder and felony murder. *Id.* at ¶ 28. After resolving additional assignments of error, we concluded: "Having sustained Dillon's first assignment of error [regarding the aggravated-murder conviction] we reverse his conviction and sentence for aggravated murder and remand the cause for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is affirmed." *Id.* at ¶ 64.

{¶ 4} On remand, the State elected not to retry Dillon on the aggravated-murder charge.[1] Instead, it elected to have him sentenced for purposeful murder, which previously had merged into the aggravated murder. The trial court imposed a prison term of 15 years to life for the purposeful-murder conviction. It also re-imposed its previous

---

[1] The State could have retried Dillon on that charge because we found legally sufficient evidence to support his aggravated-murder conviction. *Dillon* at ¶ 51-53. We reversed it only because we could not say the evidentiary error related to it was harmless beyond a reasonable doubt. *Id.* at ¶ 27.

sentences of 18 months in prison for receiving stolen property and three years for evidence tampering. Unlike the original sentencing, however, the trial court made the findings required for consecutive-sentencing and ordered all three sentences to be served consecutively.[2] (Resentencing Tr. at 18; Judgment Entry, Doc. #89 at 2).

{¶ 5} On appeal, Dillon contends the trial court erred in altering the sentences for receiving stolen property and evidence tampering by making them consecutive to one another and consecutive to the new sentence for purposeful murder. In response, the State argues that the resentencing properly involved the sentences for all three convictions and that the trial court did not err in ordering them to be served consecutively.

{¶ 6} Upon review, we agree with Dillon that the trial court erred in ordering his sentences for receiving stolen property and evidence tampering to be served consecutively. Our prior reversal was narrow. We reversed Dillon's conviction and sentence *only* for aggravated murder. We affirmed the trial court's judgment in "all other respects," including his then-concurrent sentences for receiving stolen property and evidence tampering. As a result, finality attached to those concurrent sentences, and the trial court had no authority to revisit them. Its decision to make consecutive the un-reversed concurrent sentences for receiving stolen property and evidence tampering exceeded the scope of our reversal and remand.[3]

---

[2] In its judgment entry upon resentencing, the trial court stated that it originally had ordered Dillon's prison sentences for receiving stolen property and evidence tampering to be served consecutive to one another. (Doc. #89 at 1). This is incorrect. The trial court's original February 20, 2014, judgment entry ordered those sentences to be served concurrently. (Doc. #72 at 1-2).

[3] During the resentencing hearing, the trial court opined that we simply could have remanded with instructions to impose a statutorily mandatory sentence of 15 years to life in prison for purposeful murder if that is all the trial court had authority to do. Observing

{¶ 7} Given that Dillon's sentence for purposeful murder was a new sentence, however, the trial court had the ability to order that sentence to be served consecutive to the concurrent sentences for receiving stolen property and evidence tampering. Because Dillon's prior conviction for aggravated murder carried a sentence of life without parole, the trial court apparently found no need to make that sentence consecutive to the other two. The new sentence for purposeful murder carried a lesser sentence of 15 years to life in prison. During the resentencing hearing, the trial court found it appropriate to order this sentence to be imposed consecutively and made statutory findings to do so. We see no impediment to the trial court ordering the new sentence for purposeful murder to be served consecutively to the other two sentences.

{¶ 8} Dillon's argument to the contrary is that imposing *any* consecutive sentence would result in harsher punishment upon resentencing in violation of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which created a presumption of judicial vindictiveness when a judge imposes a more severe sentence after a successful appeal. Here we are unconvinced that requiring Dillon to serve his new sentence for purposeful murder consecutively results in a more severe sentence than he originally received. Individually, the new sentence of 15 years to life for purposeful murder is less severe than the prior sentence of life without parole for aggravated murder. In the

---

that we instead remanded "for further proceedings," the trial court inferred that we were granting it authority to conduct a resentencing on all counts. (Resentencing Tr. at 11). The trial court misinterpreted our remand order. We did not remand with instructions to impose a sentence of 15 years to life for purposeful murder because the State had another option. It could have retried Dillon for aggravated murder. Therefore, the "further proceedings" we contemplated involved (1) imposing a new sentence for purposeful murder or felony murder or (2) retrying Dillon for aggravated murder. Because we affirmed Dillon's convictions and sentences "in all other respects" the further proceedings we contemplated did not, and could not, encompass a new sentencing hearing on all counts.

aggregate, Dillon's resulting new sentence of 18 years to life (15 years to life consecutive to concurrent terms of 18 months and three years) also is shorter than his prior aggregate sentence of life without parole.

{¶ 9} Finally, the State cites *State v. Nelloms*, 144 Ohio App.3d 1, 759 N.E.2d 416 (2d Dist. 2001) to support imposing three consecutive sentences here. The trial court also relied on *Nelloms* at the resentencing hearing. The defendant in *Nelloms* had been convicted and sentenced for felonious sexual penetration and seven counts of rape. The trial court sentenced him to life in prison on each count, with four counts to be served consecutively and four to be served concurrently. On appeal, this court held that the trial court lacked subject-matter jurisdiction over four of the counts. Significantly, this court also remanded for resentencing on the remaining four counts. On remand, the trial court sentenced the defendant to consecutive sentences on the remaining counts whereas it originally had imposed concurrent sentences. The defendant argued that the change resulted in a vindictive sentence under *Pearce*. This court disagreed, holding "that when one or more counts of a multi-count conviction are vacated and remanded, a court does not violate the principles of *Pearce* as long as the aggregate length of the new sentence does not exceed the total length of the original sentence." *Id*. at 7.

{¶ 10} The State asserts that *Pearce* supports the trial court's decision to impose three consecutive sentences on remand because the aggregate length of those sentences was 19.5 years to life (15 years to life, plus three years, plus 18 months), which did not exceed the total length of Dillon's original sentence, which was life without parole. Although the State's arithmetic is correct, the present case is distinguishable from *Nelloms* in one significant way. In *Nelloms*, this court reversed four of the convictions and

also remanded the unaffected remaining four to the trial court for resentencing. In the present case, we reversed Dillon's conviction and sentence for aggravated murder. However, we affirmed his convictions for receiving stolen property and evidence tampering, which included the sentences imposed concurrent with each other. Therefore, while *Nelloms* might justify the trial court's imposition of three consecutive sentences here if all three had been remanded for re-sentencing, two of Dillon's sentences were not before the trial court on remand. The problem is not that the trial court's three consecutive sentences violated *Nelloms* or *Pearce*. Rather, the problem is that the trial court exceeded the scope of our remand order when it resentenced Dillon for receiving stolen property and evidence tampering.

{¶ 11} Based on the reasoning set forth above, we sustain Dillon's assignment of error in part. The assignment of error is sustained insofar as he contends the trial court erred in resentencing him to consecutive prison terms of 18 months and three years for his receiving stolen property and evidence-tampering convictions. Those sentences must remain concurrent with each other. The assignment of error is overruled, however, insofar as Dillon contends the trial court erred in making his new sentence of 15 years to life in prison for purposeful murder consecutive to the two concurrent sentences.

{¶ 12} The trial court's judgment is hereby modified to reflect a sentence of 15 years to life in prison for purposeful murder consecutive to two concurrent terms of 18 months in prison for receiving stolen property and three years in prison for evidence tampering. The result is an aggregate prison term of 18 years to life in prison. As so modified, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.


Copies mailed to:

Megan M. Farley
Adrian King
Hon. Douglas M. Rastatter
ODRC-Bureau of Sentence Computation