[Cite as *State v. Kozic*, 2017-Ohio-946.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0212 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMIE KOZIC | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 506A

JUDGMENT: Affirmed in part. Reversed in part. Remanded in part.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Edward A. Czopur
DeGenova & Yarwood, Ltd.
42 North Phelps St.
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 15, 2017

WAITE, J.

**{¶1}** Appellant Jamie Kozic appeals a November 16, 2015 Mahoning County Common Pleas Court resentencing entry. Appellant contends that the trial court failed to make the requisite R.C. 2929.14(C)(4) consecutive sentence findings. Pursuant to *State v. (Zoltan) Kozic,* 7th Dist. No. 15 MA 0215, 2016-Ohio-8556 ("*Z. Kozic*"), Appellant's arguments are without merit. However, the trial court erroneously resentenced Appellant on two counts that should have been merged. Accordingly, the judgment of the trial court is reversed in part and the matter is remanded for a limited resentencing hearing to correct only this issue.

Factual and Procedural History

**{¶2}** Appellant and his codefendant were collectively charged in a twenty-two count indictment stemming from a rash of burglaries. Of those twenty-two counts, seventeen pertained to Appellant. Appellant was indicted on the following: eight counts of burglary, a felony of the second degree in violation of R.C. 2911.12(A)(2), (C); two counts of attempted burglary, a felony of the third degree in violation of R.C. 2911.12(A)(2)(c) and R.C. 2923.02; one count of burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3), (C); one count of possession of criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A), (C); two counts of drug trafficking, a felony of the fourth degree in violation of R.C. 2925.03(A)(1), (C)(1)(a); one count of drug trafficking, a felony of the second degree in violation of R.C. 2925.03 (A)(1), (C)(1)(c); one count of drug trafficking, a felony of the third degree, in violation of R.C. 2925.03 (A)(1), (C)(1)(b); and one count of

engaging in corrupt activity, a felony of the first degree in violation of R.C. 2923.32(A)(1), (B).

**{¶3}** Ultimately, Appellant was convicted on seven counts of burglary, one count of attempted burglary, one count of possession of criminal tools, three counts of drug trafficking, and one count of engaging in corrupt activity. The trial court imposed an aggregate sentence of 20 years of incarceration. Appellant filed a direct appeal with this Court, contesting both his convictions and sentence. *State v. Kozic,* 7th Dist. No. 11 MA 135, 2014-Ohio-3807 ("*Kozic I*"). We affirmed the judgment of the trial court in part and reversed in part. As to Appellant's conviction, we vacated count twelve (possession of criminal tools). Regarding his sentence, we ordered a limited remand, only for the purpose of removing count twelve from sentencing and to merge counts sixteen and seventeen (drug trafficking). The remaining aspects of Appellant's conviction and sentence were affirmed.

**{¶4}** On August 24, 2015, the trial court held a limited resentencing hearing. The court imposed an 18-year aggregate sentence on Appellant. It is from this sentence that Appellant timely appeals.

<u>ASSIGNMENT OF ERROR</u>

Appellant's sentence is both contrary to law and an abuse of discretion as the trial court failed to make any of the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

**{¶5}** Appellant contends that the trial court failed to make the requisite R.C. 2929.14(C)(4) findings at the resentencing hearing and within the resentencing entry.

**{¶6}** In response, the state argues that this Court issued a limited remand in *Kozic I* for the sole purposes of vacating count twelve and merging counts sixteen and seventeen. Since this Court ordered only a limited remand, the state argues that the trial court lacked jurisdiction to revisit any other issue. As such, the state argues that Appellant is barred by *res judicata* from raising an argument regarding consecutive sentences. The state also notes that R.C. 2929.14(C)(4) does not apply here, as it was enacted several weeks after Appellant was originally sentenced.

**{¶7}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Further, a reviewing court "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

**{¶8}** Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

> [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} A trial court judge must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. No. 13 MA 125, 2015-Ohio-4100, 43 N.E.3d 797, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court need not state reasons to support its finding nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Id.* citing *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶ 28-29.

{¶10} We recently visited this issue in the appeal of Appellant's codefendant. *Z. Kozic, supra.* In *Z. Kozic*, we reversed the appellant's convictions and sentences in part and affirmed in part. Specifically, we reversed two fourth-degree drug

trafficking convictions and ordered a limited remand for the purpose of entering convictions on third-degree drug trafficking, instead, and to resentence accordingly. We affirmed the remaining aspects of the appellant's convictions and sentences. The trial court held a resentencing hearing and sentenced Appellant's codefendant according to this Court's Opinion. Codefendant again appealed his sentence and argued that the trial court failed to address R.C. 2929.14(C)(4). We acknowledged that the trial court did not address R.C. 2929.14(C)(4), but held that the court lacked jurisdiction to do so, as we had ordered only a limited remand for the sole purpose of addressing the drug trafficking counts.

{¶11} Appellant, here, raises the same argument. Pursuant to *Z. Kozic*, the trial court's failure to address R.C. 2929.14(C)(4) is not error as the court lacked jurisdiction to address the imposition of consecutive sentences on remand. In *Kozic I* we clearly ordered a very limited remand:

> As indicated under appellant's thirteenth assignment of error, appellant's sentence is reversed and *remanded for a new sentencing hearing so that appellant's conviction and sentence for counts 16 (drug trafficking) and 17 (drug trafficking) can be merged. Additionally, pursuant to our resolution of appellant's second assignment of error, appellant's sentence on count 12 (possessing criminal tools) is vacated and the matter is remanded for resentencing to address the removal of that sentence*. (Emphasis added.)

*Id.* at ¶ 185. As the trial court had jurisdiction for the sole purpose of addressing counts twelve, sixteen, and seventeen, the court's failure to completely resentence to address R.C. 2929.14(C)(4) is not error.

**{¶12}** However, although we ordered the trial court to merge counts sixteen and seventeen, the sentencing entry reflects that Appellant was again sentenced on both counts. These sentences were ordered to run concurrently. However, "[s]entencing concurrently on merged counts does not satisfy the merger doctrine as no sentence at all should be entered on one of the two merged counts." *State v. Tapscott*, 7th Dist. No. 11 MA 26, 2012-Ohio-4213, 978 N.E.2d 210, ¶ 48, citing *State v. Gardner*, 7th Dist. No. 10 MA 52, 2011-Ohio-2644, ¶ 24; *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 17. Accordingly, the judgment of the trial court is reversed in part. This matter is remanded for a limited resentencing hearing where the state must elect which charge to pursue for sentencing purposes.

<u>Conclusion</u>

**{¶13}** Appellant contends that the trial court failed to make the requisite R.C. 2929.14(C)(4) consecutive sentence findings. However, pursuant to *Z. Kozic, supra,* the trial court lacked jurisdiction to resentence using R.C. 2929.14(C)(4). Accordingly, Appellant's arguments are without merit. However, the trial court failed to properly merge counts sixteen and seventeen. Accordingly, the judgment of the trial court is reversed in part and the matter is remanded only for a limited resentencing, where the state must elect which charge to pursue for sentencing purposes.

Donofrio, J., concurs.

DeGenaro, J., concurs.