[Cite as *State v. Garner*, 2017-Ohio-8405.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105387**

# STATE OF OHIO

DEFEDANT-APPELLANT

vs.

# GARY GARNER

PLAINTIFF-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575481-A

**BEFORE:** E.A. Gallagher, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio 44061


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Jeffrey Schnatter
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Gary Garner appeals from his resentencing on seven counts of gross sexual imposition in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and remand.

**Facts and Procedural Background**

{¶2} The procedural history of this case was set forth by this court in *State v. Garner*, 8th Dist. Cuyahoga No. 102816, 2016-Ohio-2623 ("*Garner* I"). In 2014, Garner was convicted of seven counts of rape, seven counts of gross sexual imposition ("GSI"), five counts of kidnapping and one count of intimidation. With the exception of the intimidation charge, each count carried a sexually violent predator specification. We explained Garner's sentence as follows:

> [T]he trial court sentenced Garner to life without parole on the rape counts (Counts 1, 2, 5, 6, 13, 16, and 19); 25 years on the GSI counts (Counts 3, 7, 9, 11, 14, 17, and 20); life with the possibility of parole after 25 years on the kidnapping counts (Counts 4, 8, 15, 18, and 21); and 3 years for the intimidation count (Count 12). Counts 1 through 9 and 11-12, which related to [the first victim], were ordered to run concurrently to each other, as were Counts 13-21, which related to [the second victim]. However, the court ordered Counts 1-9 and 11-12 to run consecutively to Counts 13-21, "for an aggregate prison term of two life sentences (served consecutively) without parole."

{¶3} We affirmed Garner's convictions on direct appeal in *Garner* I but reversed the trial court's sentences for the GSI counts as contrary to law because they were in violation of R.C. 2971.03(A)(3)(a) and outside the range set forth in R.C. 2929.14(A)(3)(a).

**{¶4}** Upon remand, the trial court conducted a resentencing hearing as to the GSI counts. Without providing Garner an opportunity to exercise his right of allocution or making any reference to the relevant statutory sentencing considerations under R.C. 2929.11 and 2929.12, the trial court promptly imposed a sentence of five years to life on each count of GSI and ordered the GSI counts to be served consecutively. The trial court's sentencing entry similarly failed to reflect consideration of the relevant sentencing statutes. The trial court also failed to incorporate Garner's undisturbed sentences for rape, kidnapping and intimidation into a single, cohesive sentencing entry and failed to state the cumulative prison term on the GSI offenses that it ordered to be served consecutively.

**Law and Analysis**

**{¶5}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23. A sentence may be reversed as contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See*, *e.g.*, *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10.

**{¶6}** The record in this instance reflects that in its haste to comply with this court's remand in *Garner* I, the trial court failed to conduct a full and proper resentencing

hearing with appropriate consideration of the relevant statutory sentencing authority. The state's argument that a trial court need not consider R.C. 2929.11 and 2929.12 when sentencing a sexually violent offender pursuant to R.C. 2971.03(A)(3)(a) is without merit. Because the trial court had discretion to impose a minimum term from among the terms available for a GSI offense under R.C. 2929.14(A)(3)(a), provided that said term was not less than two years, the trial court, in exercising that discretion, was required to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the relevant sentencing factors under R.C. 2929.12. The trial court's failure to do so in this instance, as well as the other defects raised above, rendered Garner's GSI sentence's appropriateness contrary to law.

{¶7} Lastly, we note our concern that the trial court did not consider the merger of Garner's GSI offenses in counts 7, 9 and 11 that pertained to the same victim and time period.

{¶8} Garner's sole assignment of error is sustained.

{¶9} The judgment of the trial court is reversed and this case is remanded for resentencing on the GSI charges and subsequent thereto a single cohesive sentencing entry encompassing all charges for which he was convicted.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR