[Cite as *State v. Garner*, 2019-Ohio-250.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106933**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GARY L. GARNER**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575481-A

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 24, 2019

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Jennifer A. Driscoll
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, J.:

{¶1}   Gary Garner appeals his sentences for the third time.  Following a jury trial, Garner was found guilty and the trial court sentenced Garner to life without the possibility of parole on each of the seven rape counts, 25 years on each of the seven gross sexual imposition ("GSI") counts, life with the possibility of parole after 25 years on each of the five kidnapping counts, and 3 years for an intimidation count.   Most of the sentences were imposed concurrently to each other with the notable exception that the trial court imposed the sentences on two of the rape counts that were related to each victim, to be served consecutively to each other for an aggregate term of imprisonment of two life sentences without the possibility of parole.

{¶2} In *State v. Garner*, 8th Dist. Cuyahoga No. 102816, 2016-Ohio-2623, ¶ 65 ("*Garner I*"), the 25-year prison sentences imposed on the GSI offenses were vacated and the matter remanded for the limited purpose of resentencing on those specific counts in accordance with

R.C. 2971.03(A), which required the trial court to impose an indefinite life term in prison with the minimum term being two years and up to the maximum term for the third-degree felony, GSI offense. *Id.* The remainder of the base sentences on the other counts were either affirmed or not challenged. *Id.*

{¶3} Following the first remand, the trial court conducted a limited sentencing as to the GSI counts but failed to conduct a de novo resentencing on those counts; there was no opportunity for Garner to exercise his right of allocution, and the trial court had not considered the relevant statutory considerations. *State v. Garner*, 8th Dist. Cuyahoga No. 105387, 2017-Ohio-8405, ¶ 4 ("*Garner II*"). As a result of the second appeal, the matter was once again remanded in order for a full sentencing hearing on the GSI counts. *Id.* The trial court fulfilled its mandate and imposed individual sentences on the GSI counts (life sentences with the possibility of parole after five years), two of which are to be served consecutive to each other but concurrent with the two definite life sentences imposed on the rape counts. The remaining GSI counts were run concurrent with the other counts.

{¶4} In this appeal, Garner generally claims that the trial court erred by imposing consecutive sentences because the trial court failed to include the findings required under R.C. 2929.14(C)(4). In response, the state raises the same argument left unaddressed in *Garner II*. According to the state, serving the GSI and kidnapping sentences consecutively is statutorily required under R.C. 2971.03(E) and the trial court imposed a void sentence by imposing concurrent terms on some of the individual GSI and kidnapping counts.

{¶5} Under R.C. 2971.03(E), all minimum terms of imprisonment imposed under divisions (A)(3) or (B) of that section "shall be aggregated and served consecutively, as if they were a single minimum term imposed under that division." In *Garner I*, the life with the

possibility of parole after 25-year terms of imprisonment imposed for the kidnapping offenses under R.C. 2971.03(A)(3)(b)(i) were affirmed. *Id.* at ¶ 62. Following the remand, the trial court imposed a minimum term of five years with the maximum of a life sentence for each of the GSI offenses. Under division (E), the trial court was statutorily required to impose the minimum terms on the GSI and kidnapping counts consecutively, with the single minimum term being a life sentence with the possibility of parole after 160 years, if the offender was also convicted of two or more offenses for which a prison term of life without the possibility of parole is required under R.C. 2971.03(A).

{¶6} Even though the state voiced its concern in *Garner II* and the issue was abandoned upon the remand, the state again resurrected its argument in these appellate proceedings. Nevertheless, "[i]t is a longstanding principle that an offender's sentence that does not properly include a statutorily mandated term is contrary to law." *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14, citing *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964), and *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). An appellate court has inherent authority to vacate a void judgment. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 48.

{¶7} Garner's claim that the trial court erred by ordering two of the sentences on the GSI counts to be consecutively served is without merit. The trial court was statutorily required to impose the sentences consecutive to each other independent of R.C. 2929.14(C)(4). Further, the trial court was required to aggregate all minimum terms imposed under R.C. 2971.03(A)(3), the kidnapping and GSI counts, and impose those minimum terms consecutively as if they were a single minimum term. As a result, the trial court lacked discretion to impose the sentences on the kidnapping and GSI counts to be served concurrently. The sentence imposed is contrary to

law and is void. The statute requires the court to impose a minimum term of life with the possibility of parole after 160 years on the kidnapping and GSI counts.

{¶8} And finally, inasmuch as Garner generally challenges the consecutive sentences in this case, which arguably incorporates a challenge against the consecutive terms imposed on the rape counts, it is well settled that although a remand for a new sentencing hearing anticipates a de novo sentencing hearing, there are a number of discretionary and mandatory limitations that inherently narrow the scope of that particular resentencing hearing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. "[O]nly the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review" by the trial court. *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus. In this case, the only assigned error sustained in *Garner I* discussed and affected the GSI counts. The life sentences, which are without the possibility of parole, imposed on the two rape counts were affirmed, which necessarily included the manner in which those sentences were to be served. *See, e.g., State v. Kennedy*, 8th Dist. Cuyahoga No. 83445, 2004-Ohio-6414 (reversing the conviction on a single count but considering arguments and affirming the remaining sentences, including the consecutive nature of those sentences); *State v. Huber*, 8th Dist. Cuyahoga No. 93923, 2011-Ohio-62 (same result as *Kennedy*). The scope of the remand was therefore limited to resentencing on the GSI counts, the only sentences that were vacated in *Garner I*. *State v. Dillon*, 2d Dist. Clark No. 2016-CA-38, 2017-Ohio-309, ¶ 10 (remand was limited to addressing the aggravated murder count and the concurrent service of the sentences imposed on other counts could not be reconsidered); *State v. Kozic*, 7th Dist.

Mahoning No. 15 MA 0212, 2017-Ohio-946, ¶ 11 (trial court lacks jurisdiction to reconsider the imposition of consecutive sentences for counts unaffected by the prior remand).

{¶9} The trial court's jurisdiction to resentence Garner was limited to imposing sentences on the GSI counts anew and determining the manner in which those sentences would be served amongst each other and the previously imposed sentences. The consecutive service of the two definite life sentences on the rape counts are no longer subject to appellate review under the doctrine of res judicata — in *Garner I*, Garner could have appealed the manner in which the terms of imprisonment on the rape counts are to be served.

{¶10} We note, however, that the trial court only journalized two of the three findings required under R.C. 2929.14(C)(4) in the final sentencing entry. The trial court did not include the subdivision (C)(4)(a)-(c) finding, whichever is applicable. This oversight has existed since the original sentencing entry was journalized, but the issue had not been raised by Garner in the two earlier appeals. The appellate record in this case does not contain the original sentencing transcript, and as a result, we must presume regularity and that the trial court made the findings. We remand for the limited purpose of issuing a nunc pro tunc entry to reflect that which occurred at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

{¶11} The matter is remanded for the extremely limited purpose of codifying all three findings under R.C. 2929.14(C)(4) in one final entry of conviction via a nunc pro tunc entry. *Bonnell*. And, it bears noting that correcting the sentencing entry via a nunc pro tunc entry does not create a new final, appealable order. *Id.*, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20. Further, the trial court shall include the mandatory

sentences on the GSI and kidnapping counts required under R.C. 2971.03(E) in the final sentencing entry.

**{¶12}** Affirmed and remanded for the aforementioned limited purpose.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR