[Cite as *State v. Grayson*, 2019-Ohio-864.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106578

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MICHAEL T. GRAYSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606430-A

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 14, 2019

ATTORNEY FOR APPELLANT

Leigh S. Prugh
Nee Law Firm, L.L.C.
26032 Detroit Road, Suite 5
Westlake, Ohio   44145


ATTORNEYS FOR APPELLEE

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Gregory Paul
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1}   Michael Grayson appeals the imposition of consecutive sentences following a sentencing hearing conducted upon a remand as ordered in *State v. Grayson*, 2017-Ohio-7175, 95 N.E.3d 1025 (8th Dist.).   Grayson claims that the trial court failed to make the required findings under R.C. 2929.14(C)(4) at the second sentencing hearing.   We overrule the assigned error, but reverse the aspect of the resentencing that exceeded the trial court's jurisdiction upon remand.

{¶2} Grayson was found guilty of four counts of improperly discharging a firearm in violation of R.C. 2923.161(A)(1); one count of felonious assault in violation of R.C. 2903.11(A)(1); two counts of felonious assault in violation of R.C. 2903.11(A)(2); one count of having weapons while under disability in violation of R.C. 2923.13(A)(3); and two counts of endangering children in violation of R.C. 2919.22(A).   *Id.* at ¶ 4-6.   All but the two child endangering and having weapons while under disability counts included three-year firearm

specifications.  *Id.*  For the ease of discussion, and to avoid any unnecessary confusion in light of the multiplicity of similar charges, the counts will be referred to by their numerical sequence as delineated in the complaint.

I.     **The trial court included the required findings to authorize consecutive service of the sentences on Count 1 at the resentencing hearing.**

{¶3} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.  A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."  Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  The trial court is not required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language.  *Id.*  "As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  *Id.* at ¶ 29.

{¶4} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court must find that (a) if the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great

and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶5} In this case, Grayson claims the trial court failed to find that consecutive service of the base sentence imposed on Count 1 is not disproportionate to the seriousness of his conduct and the danger he poses to the public.

{¶6} To the contrary, the trial court found as follows:

One, I find it's necessary to protect the public and punish you; the offenses committed here were very serious matters; *I also find it's not disproportionate to other sentences given by myself and other courts in this county as well as other counties*; I find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct.

*There were two victims of the felonious assault and you shot seven or eight times into a home where there were children, two adults who were victims, as well as some other people who were in the back of the house not in the direct line of fire.* * * * And now, I also want to point out that I do this because your criminal history shows that your conduct is necessary to protect the public. [The assistant prosecutor] gave us a recitation of your prior offenses, and they are numerous and significant. *You've demonstrated that you cannot comport your behavior to the laws of this society*.

(Emphasis added.) Tr. 15:22-17:1.

{¶7} Thus, in consideration of that emphasized language, the trial court concluded that serving the base sentence imposed upon Count 1, consecutive to the other prison terms, would not be disproportionate to Grayson's conduct or the danger he posed to the public. That the court referenced other sentences as a basis to support the conclusion is irrelevant. That additional consideration does not detract from the court's conclusion that consecutive service of the base sentence imposed on Count 1 was not disproportionate to Grayson's conduct, shooting seven or eight times into a dwelling containing several people, including young children. Further, the trial

court's conclusion that Grayson was unable to conform to societal norms further demonstrates the danger he poses to the public in light of the severity of his conduct. Under the standard announced in *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, we can discern from the record that the trial court engaged in the correct analysis under R.C. 2929.14(C)(4).

> **II.** **The trial court exceeded its jurisdiction on remand in resentencing upon all counts anew: The trial court modified sentences unaffected by *Grayson*, 2017-Ohio-7175, 95 N.E.3d 1025 (8th Dist.).**

{¶8} It is evident that the trial court exceeded the scope of the remand from *Grayson* and, therefore, exceeded its jurisdiction in conducting a de novo resentencing on all counts. Additional briefing to address the validity of the resentencing was sought in consideration of *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21.

{¶9} The first sentencing hearing in this case was conducted on October 6, 2016, at which time the trial court pronounced the sentencing in open court and memorialized that sentence in the original sentencing entry journalized the same date. The sentences as set forth in the October 6 journal entry were as follows:

> Counts 1-4: Improperly discharging a firearm in violation of R.C. 2923.161(A)(1) each with 3-year firearm specifications to be served prior to and consecutive with 5 years on each base charge (23-year aggregate term);
>
> Count 5: Felonious assault in violation of R.C. 2903.11(A)(1) with a 3-year firearm specification to be served prior to and consecutive with 8 years on the base charge (11-year aggregate term);
>
> Count 7: Felonious assault in violation of R.C. 2903.11(A)(1) with an 8-year term on the base charge;
>
> Count 8: Having weapons while under disability in violation of R.C. 2923.13(A)(3) with a term of 18 months;
>
> Counts 9-10: Endangering children in violation of R.C. 2919.22(A) with a term of 6 months.

The trial court imposed the base sentences on Counts 1 through 4 to be consecutively served to each other and consecutive to the 3-year sentence imposed on one of the firearm specifications attendant to those counts. All other sentences at that first hearing were imposed concurrently to each other and Counts 1-4. This resulted in an aggregate term of imprisonment of 23 years.

{¶10} Grayson disagrees with our interpretation of that first sentencing entry as it relates Count 5. Grayson claims the original aggregate term of imprisonment on Count 5 totaled only 8 years — the base sentence without the sentence on the attendant firearm specification. Grayson apparently reaches this conclusion based on the trial court's indication that Count 5 was to be served concurrently with the sentences imposed on Counts 1-4. According to Grayson, the trial court expressed an intention to merge the firearm specifications within several counts, and because the court did not impose the 3-year sentence for the firearm specification attendant to Count 5 at the sentencing hearing, it cannot be reimposed. Grayson is mistaken. Imposing the sentences on Count 5 in the manner suggested by Grayson would contravene R.C. 2929.14(C)(1)(a), which requires the trial court to impose the sentence on the attendant firearm specification in Count 5 to be served prior and consecutive to the base sentence in Count 5. Grayson's interpretation of the original sentences on Count 5 would result in the sentence on the firearm specification being void and subject to collateral attack at any time. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 9 (as long as an appeal is timely filed, the defendant and the state may challenge any aspect of a void sentence).

{¶11} Grayson's interpretation of the original sentencing on Count 5 is not only incompatible with the law, it also is contradicted by the journal entry. During the original sentencing hearing, the trial court addressed the sentences on Count 5, the base sentence and the

sentence on the attendant firearm specification in two portions of the transcript. First, in relation to the firearm specification on Count 5, the transcript revealed:

> THE COURT: And does the State concede that the one and three-year firearm specifications merge into one another?
>
> THE STATE: The State so concedes, your Honor.
>
> THE COURT: It will be a three-year firearm specification?
>
> THE STATE: Correct, your Honor.
>
> THE COURT: Do you agree with that,* * *?
>
> THE DEFENSE: Yes, Judge.

Later in the transcript, the court briefly stated:

> THE COURT: The gun specifications all merge.

However, this statement is an apparent reference to Counts 1 through 4 as it is made before pronouncement of the sentences on Count 5. When the court imposed the sentences on Count 5, the transcript reveals the court placed the base sentence of eight years on the record, but omitted any reference to the firearm specification:

> THE COURT: And the State is electing that you be sentenced on count five. And on that, I sentence you to eight years.

{¶12} Despite this apparent confusion and inconsistency with the journal entry relating to Count 5, the Court expressly imposed the "3 year firearm spec [sic] to be served prior to and consecutive with 8 years on the base charge" for Count 5 as required under R.C. 2929.14(C)(1)(a). We note that a trial court speaks through its journal. No one timely appealed the manner in which those sentences were imposed if a different outcome was anticipated during the sentencing

hearing. If the original sentencing entry differed from the oral pronouncement at the first sentencing, the trial court lacked authority to enter a nunc pro tunc entry to reflect that. There is no authority to impose the base sentence without the separate sentence on the attendant firearm specification. Such an approach would render the sentence on the firearm specification void and would have required the trial court to reimpose that 3-year sentence at the resentencing hearing. R.C. 2929.14(C)(1)(a).

{¶13} Further, even if it were presumed that the trial court failed to impose the sentence on the firearm specification attendant to Count 5, that error would not affect the base 8-year sentence that was originally imposed in both the sentencing entry and orally at the sentencing hearing. *State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, ¶ 16. The sentence imposed on the base offense is not "bundled" with a sentence imposed on the attendant specification; the sentences are separate, and an error with one does not infect the other. *Id.* It is beyond debate that Grayson was sentenced to an 8-year term of prison on Count 5 in the original sentencing and that the 3-year sentence on the attendant firearm specification must be served consecutive to the base sentence. The aggregate term of imprisonment on Count 5 is, therefore, 11 years whether or not the sentence on the firearm specification is accepted as originally imposed in the October 6, 2016 journal entry or through the resentencing hearing if the sentence on that firearm specification was not properly imposed the first time. Nothing changes the fact that there is an aggregate 11-year term of imprisonment imposed on Count 5.

{¶14} At the initial October 16, 2016 sentencing, the trial court indicated that Count 5 was to be concurrently served with Counts 1-4 and the sentences imposed on the firearm specifications attendant to those counts also "merged" with each other. The dissent claims that "merging" the sentences on the firearm specifications as between Counts 1-5 also "merged" the 3-year sentence

on the firearm specification attendant to Count 5 with the base sentence on the same count. The trial court's "merger" of the firearm specifications as between counts did not negate the imposition of the 3-year sentence on the firearm specification to be served consecutive to the attendant 8-year base sentence within Count 5 as imposed in the original sentencing entry. The concept of merger applies as between separate counts and not to the sentencing enhancements attached to an individual count. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 219. The trial court did not "merge" the sentence imposed on the firearm specification attached to Count 5 with its base sentence. At best, the 11-year aggregate term of imprisonment originally imposed on Count 5 was concurrent with the sentences imposed on Counts 1-4, which included concurrent service of the firearm specifications in contravention of R.C. 2929.14(B)(1)(g).

{¶15} In *Grayson*, 2017-Ohio-7175, 95 N.E.3d 1025 (8th Dist.), however, the sentences imposed for Counts 1 through 4 were vacated, which by implication mooted any error in failing to impose the sentences on the firearm specifications associated with those counts — that issue could be remedied when resentencing on Counts 1-4. *Grayson* at ¶ 16; *State v. Nunez*, 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812, ¶ 12. The matter was then specifically remanded "for a resentencing hearing at which the trial court shall merge allied offenses consistent with [*Grayson*], and the state shall elect which allied offense to pursue on resentencing." *Grayson* at ¶ 28. Inherent to that remand order, the trial court was required to (1) impose a sentence on one of Counts 1-4 after the state's election, (2) determine whether that individual sentence on that chosen count was to be served consecutively to or concurrently with the unaffected convictions, and (3) impose any sentence on the attendant firearm specification as required by law. Doing this would have created a final sentencing entry that comported with all applicable sentencing laws.

{¶16} Instead of limiting the resentencing hearing to conform to the remand order, the trial court conducted a de novo sentencing on all counts, including those sentences that were not part of the initial appeal. After the state elected to merge all charges in Counts 1 through 4 into Count 1, the following sentences were imposed:

> Count 1: 3-year firearm specification to be served prior to and consecutive with 5 years on the base charge (8-year aggregate term of prison on the second-degree felony after Counts 2-4 were merged into Count 1);

> Count 5: 3-year firearm specification to be served prior to and consecutive with 5 years on the base charge (8-year aggregate term of prison);

> Count 7: 5 years on the base charge (with the attached firearm specification merging with those in counts 1 and 5);

> Count 8: 12 months and 3 years of mandatory postrelease control;

> Counts 9-10: 6 months.

The aggregate terms on Counts 1, 5, and 7 were imposed consecutive to each other. The sentence for the firearm specification attached to Count 7 was not imposed, as permitted under R.C. 2929.14(B)(1)(g). All other counts were imposed concurrently for an aggregate term of imprisonment of 21 years. Thus, the trial court not only modified the manner in which some of the final sentences were to be served, from concurrent to consecutive service, but the trial court also altered the underlying base sentences on counts unaffected by the remand in *Grayson* — the prison sentences imposed on Count 5 and 7 were modified from 8-year terms to 5-year ones, and the sentence on Count 8 was reduced to 12 months.

{¶17} It is well settled that although a remand for a new sentencing hearing anticipates a de novo sentencing, there are a number of limitations that inherently narrow the scope of that particular resentencing hearing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. "[O]nly the sentences for the offenses that were affected by the appealed error

are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review" by the trial court. *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus.

{¶18} Because *Grayson* was remanded only for resentencing on Counts 1-4, the trial court patently lacked jurisdiction to alter the valid and final sentences imposed on Counts 5, 7, 8, 9, and 10 that were unaffected by the direct appeal. *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 17 (a void sanction may be modified at any time, but a valid sanction cannot be modified). Sentences that are contrary to law or imposed without authority are void and may be collaterally attacked at any time. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. Trial courts have no authority to extend the scope of remand limited by a mandate of an appellate court. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), citing *Briggs v. Pennsylvania RR. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *see also State v. Gates*, 8th Dist. Cuyahoga No. 82385, 2004-Ohio-1453, ¶ 9 (jurisdictional concerns dictate that trial courts are not free to exceed the scope of the limited remand); *State v. Anderson,* 2016-Ohio-7044, 62 N.E.3d 229, ¶ 4 (8th Dist.) (string citing cases setting forth the proposition that a void sentence can be sua sponte addressed).

{¶19} For years, trial judges may have struggled with the generic, and often times overly broad, remand language directing them to address an error. Admittedly, the summarization of the remand order in *Grayson* lacked the desired clarity. Thus, it is understandable how the trial court proceeded with a full resentencing on all counts upon remand. Although *Grayson* summarized the disposition in terms of vacating "the sentence," that phrasing is not accurate because it does not reflect the multiple sentences imposed and reversed, nor did it reflect the fact that several other

sentences were affirmed. Appellate opinions should not be read such that a single, two-word sentence summarizing the disposition of the appeal is deemed dispositive, to the exclusion of the remaining portions of the opinion that explain the entirety of the decision and the scope of any remand. Having said that, appellate courts should be more precise when summarizing the disposition, which is especially pertinent in cases involving multiple sentences. Ohio law does not permit a single "aggregate sentence" to arise in multicount cases — sentences are only imposed on the individual felony offenses and must be separately considered. *See Saxon*; *Holdcraft*.

{¶20} *Grayson*, when considered in its totality, reversed and vacated the sentences imposed on Counts 1 through 4, the only assignment of error sustained. All other sentences were either affirmed or unchallenged, but nonetheless became final. In describing the scope of remand, the panel specifically ordered that the case be "remanded for a resentencing hearing at which the trial court shall merge allied offenses consistent with this opinion, and the state shall elect which allied offense to pursue on resentencing." *Grayson,* 2017-Ohio-7175, 95 N.E.3d 1025, at ¶ 28 (8th Dist.). The scope of the remand was limited to resentencing on one of the Counts 1-4 that were reversed, with the other three being merged into the chosen one. *See State v. Dillon*, 2d Dist. Clark No. 2016-CA-38, 2017-Ohio-309, ¶ 10 (remand was limited to addressing the aggravated murder count and the concurrent service of the sentences imposed on other counts could not be reconsidered); *State v. Kozic*, 7th Dist. Mahoning No. 15 MA 0212, 2017-Ohio-946, ¶ 11 (trial court lacked jurisdiction to reconsider the imposition of consecutive sentences for counts unaffected by the prior remand). The trial court lacked jurisdiction to modify the final base sentences imposed on Counts 5-10, and those modifications are void.

{¶21} Thus, we are compelled to find that the trial court erred in light of *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph one of the syllabus. Having resolved

the sentencing issues with respect to the base sentences on Counts 5-10 and the issues regarding the separate sentences on the attendant firearm specifications that are required to be imposed by operation of law, the only remaining issue is whether the trial court had authority at the time of resentencing to modify the concurrent manner in which the base sentences imposed on Counts 5-10 were imposed in the original sentencing.

### III. Reversing the sentences imposed on Counts 1-4 did not affect the concurrent service of the sentences imposed on Counts 5-10 in the original sentencing entry.

{¶22} It has long been understood that the defendant must raise all sentencing errors in the direct appeal, including the consecutive nature of individual sentences that may have been imposed. *See, e.g., State v. Kennedy*, 8th Dist. Cuyahoga No. 83445, 2004-Ohio-6414 (reversing the conviction on a single count but considering arguments and affirming the remaining sentences, including the consecutive nature of those sentences); *State v. Huber*, 8th Dist. Cuyahoga No. 93923, 2011-Ohio-62 (same result as *Kennedy*), *but see State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 24 (trial court erred in relying on panel's express decision in *Huber,* 2011-Ohio-62, and the trial court should have sua sponte redetermined the consecutive nature of sentences unaffected by the remand irrespective of the law of the case). If some of the sentences in cases involving multiple offenses are reversed on appeal, the panel hearing the direct appeal must resolve the arguments made regarding the counts that are unaffected by any reversal, including the manner in which the unaffected sentences are to be served. *See, e.g., Kennedy*. If a defendant fails to challenge the consecutive nature of sentences unaffected by the resolution of the direct appeal, any future claim against those consecutive sentences are precluded under the doctrine of res judicata. *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8, citing *State v.*

*Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

**{¶23}** Thus, if some sentences are reversed in a direct appeal in cases involving multiple convictions, at the time of the resentencing on remand, a defendant cannot seek reconsideration of the imposition of consecutive sentences on the counts unaffected by the reversal. *State v. Smith*, 8th Dist. Cuyahoga No. 98547, 2014-Ohio-3224, ¶ 8; *State v. Kozic*, 7th Dist. Mahoning No. 15 MA 0212, 2017-Ohio-946, ¶ 10; *see also State v. Walker*, 8th Dist. Cuyahoga No. 105434, 2018-Ohio-2642, ¶ 33. The dissent does not expressly disagree with that proposition, but instead claims that the state may seek reconsideration of the imposition of concurrent sentences on counts unaffected by the reversal of less than all of the sentences in a direct appeal. This conclusion would not only be inequitable, permitting the state to do what the defendant cannot, but is also contrary to the weight of authority.

**{¶24}** The dissent relies on *Nunez*, 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812, in support of the theory that the state is permitted to seek reconsideration of the concurrent service of sentences unaffected by a direct appeal. In *Nunez*, several sentences were reversed in the earlier, direct appeal, including sentences that were originally imposed to be served consecutively. *Id.* at ¶ 11 ("as an initial matter, we recognize that Nunez is challenging the consecutive nature of a sentence imposed upon resentencing"). After being resentenced, the defendant claimed the trial court lacked authority to impose consecutive sentences on the new sentences and lacked authority to impose the new sentence consecutive to an existing sentence unaffected by the remand. *Id.* at ¶ 6, 10. *Nunez* concluded that where a matter is remanded for the merger of allied offenses, the consecutive or concurrent nature of the sentences that were reversed is no longer intact based on the reversal of those underlying sentences. *Id.* at ¶ 12. Thus, it was held that "at a resentencing

hearing in such a case, the trial court must first sentence the defendant on the merged offense or offenses before it may consider whether the prison terms should be served consecutively or concurrently." *Id.* Importantly, there was no discussion, or even an argument made by the parties, that the court exceeded its jurisdiction upon the remand considered in *Nunez*. The *Nunez* decision is narrow, and the dissent's reliance thereon — for the broad proposition that the consecutive or concurrent nature of all sentences is vacated upon the reversal of one sentence — is misplaced.

{¶25} Any claim that the trial court had jurisdiction to reconsider the concurrent nature of all sentences upon remand in this case is without authority. The concurrent or consecutive manner in which a base sentence is to be served is vacated only if that underlying sentence is reversed or vacated upon appeal. Otherwise, the original determination remains intact. *Nunez* at ¶ 12. Under Ohio law, a sentence is a combination of sanctions that is imposed on an individual felony. *Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph one of the syllabus (a "sentence" is the sanction or combination of sanctions imposed for each separate, individual offense). In *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 6, the Ohio Supreme Court held that "a sentence is a sanction or combination of sanctions imposed for an individual offense" and the imposition of multiple and consecutive sentences cannot be considered in the aggregate as a single combined sentence subject to being reversed upon the reversal of a single sentence. *Id.* Consecutive sentences are "separate and distinct from one another and do not combine in the aggregate to form a 'sentencing package.'" *State v. Metcalf*, 12th Dist. Warren No. CA 2015-03-022, 2016-Ohio-4923, ¶ 11.

{¶26} Any conclusion that reversing the sentences imposed on Counts 1-4 in *Grayson* also reversed the imposition of concurrent sentences on the unaffected counts is arguably derived from

application of the sentencing package doctrine. *Grayson*, 2017-Ohio-7175, 95 N.E.3d 1025 (8th Dist.). Before *Saxon*, courts treated the consecutive service determination as an overarching concept in order to give the trial court the latitude to reach the same sentencing result after less than all sentences were reversed upon the direct appeal.

{¶27} In *State v. Nelloms*, 144 Ohio App.3d 1, 3, 759 N.E.2d 416 (2d Dist.2001), for example, the defendant had been convicted of eight counts, only four of which were imposed consecutively. In the direct appeal, two of the sentences imposed consecutively and two of the sentences imposed concurrently were vacated. *Id.* On remand, the trial court imposed the remaining sentences to be served consecutively and the defendant appealed claiming that the trial court was without jurisdiction to alter the original concurrent sentences imposed on the unaffected counts. *Id.* The Second District disagreed, claiming that the trial court possessed jurisdiction to reconsider the consecutive service of all sentences under the sentencing package doctrine so that the trial court could achieve the original aggregate term of imprisonment. *Id.* at 4; *see also In re Mitchell*, 10th Dist. Franklin No. 01AP-74, 2001 Ohio App. LEXIS 2856, 9 (June 28, 2001). The Ohio Supreme Court has since rejected this approach. *Saxon*, at paragraph two of syllabus; *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 6.

{¶28} In light of the foregoing analysis, we conclude that in cases involving multiple counts, a trial court imposes a sentence on each individual count and then determines whether that individual sentence is to be served consecutive to or concurrent with another sentence if so imposed. The consecutive or concurrent manner in which multiple sentences are imposed is not an overarching concept that envelops the entire case. *See Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, at ¶ 15. As the Ohio Supreme Court explained, only the sentences for the offenses that were affected by the appealed error are reviewed de novo at

resentencing; all other sentences for any offenses unaffected by the error are not vacated and are not subject to review. *Id.* Since "consecutive sentences" are not "an aggregate sentence" under Ohio law according to *Holdcroft* at ¶ 6, it follows that the imposition of consecutive or concurrent service rises and falls with the finality of that individual sentence. Any individual sentence unaffected by a remand is final, including the consecutive or concurrent manner in which that sentence is to be served.

## IV. Conclusion

{¶29} In summary, *Grayson* reversed the sentences imposed on some of the counts, but that decision did not impact the sentences imposed upon Counts 5, 7, 8, 9, and 10 or the concurrent or consecutive manner in which those sentences are being served, which went into execution the moment *Grayson* vacated the sentences imposed on Counts 1 through 4. *Grayson*, 2017-Ohio-7175, 95 N.E.3d 1025 (8th Dist.); *Nunez,* 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812, at ¶ 18. The remand was limited to the trial court conducting a resentencing hearing at which the state elected which count, of Counts 1 through 4, it wished to pursue on resentencing, and the court then determined whether to impose the sentence on Count 1 concurrently or consecutively after imposing the term of imprisonment on the firearm specification as required under R.C. 2929.14(B)-(C). The sentences on the remaining counts unaffected by *Grayson* were final and could not be modified upon the limited remand. *Dillon*, 2d Dist. Clark No. 2016-CA-38, 2017-Ohio-309, at ¶ 6-7; *see also State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 9; *State v. Petitto*, 8th Dist. Cuyahoga No. 99893, 2013-Ohio-5435 (trial court was without jurisdiction to modify defendant's sentences to be served concurrently after issuing its final order).

**{¶30}** On those unaffected counts, Counts 5, 7, 8, 9, and 10, the trial court imposed an aggregate prison term of 11 years in the original, final entry of conviction. We reverse the aspect of the resentencing in which the original sentences imposed on those counts were modified. Thus, the aggregate prison sentence in this case is 19 years (the new 8-year aggregate term of imprisonment imposed for Count 1 to be served consecutive to the original 11-year aggregate term imposed on the remaining counts).

**{¶31}** For the sake of clarity, we remand for the sole purpose of journalizing one final sentencing entry that complies with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and incorporates the following: the sentences, with attendant specifications, imposed on Count 1 during the resentencing hearing are to be served consecutive to the concurrent sentences, with attendant specifications, as imposed on Counts 5 and 7 at the original sentencing hearing, all of which are to be served concurrent with the sentences imposed on Counts 8, 9, and 10 also as imposed at the original sentencing hearing. Affirmed in part and reversed in part; case remanded.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;

MARY J. BOYLE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

MARY J. BOYLE, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶32} I respectfully concur in part and dissent in part. I agree that the trial court should not have altered the underlying base sentences on Counts 5 through 10 because Grayson did not challenge the sentences for those offenses in his direct appeal. I disagree, however, that it is because the trial court "patently lacked jurisdiction," as the majority states. *Ante* at ¶ 18. Thus, I agree that this case must be remanded for the trial court to reinstate the original base sentences for Counts 5 through 10.

{¶33} I also disagree with the entirety of Section III of the majority opinion. Specifically, I disagree that the trial court's order at the original sentencing hearing — that Counts 5 through 10 be served concurrently to one another — could not be altered at the resentencing hearing. It is my view that once the trial court imposed a sentence at the resentencing hearing on the state's elected count of improperly discharging a firearm, the trial court then had to consider in its discretion the sentence for each offense to determine the consecutive and concurrent nature of sentences. Thus, upon remand from this appeal, the trial court should hold a new sentencing hearing where it must first reinstate the original base sentences on Counts 5 through 10 (from the October 7, 2016 sentencing entry), maintain the sentence for improperly discharging a firearm from the October 24, 2017 sentencing entry as well as the corrections it made to the original sentence that were contrary to law, and then, having a sentence for each offense as *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9, mandates, consider once again the consecutive and concurrent nature of all of the sentences.

**{¶34}** I do agree with the majority that the trial court made the proper consecutive sentences findings under R.C. 2929.14(C)(4) at the October 24, 2017 resentencing hearing. But it is my view that because the trial court must now resentence Grayson to determine whether the sentences should be served consecutively or concurrently, Grayson's assigned error is moot.

**{¶35}** I further disagree with the majority's calculation of Grayson's original aggregate sentence regarding Counts 5 through 10. It is my view, however, that Grayson's original aggregate sentence on Counts 5 through 10 is irrelevant because it necessarily assumes that the concurrent nature of those counts from the original sentencing hearing remains intact, which it does not.

**{¶36}** Accordingly, I would affirm in part, reverse in part, and remand for the trial court to hold a new sentencing hearing.

## A. "Jurisdiction"

**{¶37}** In *State v. Grayson*, 8th Dist. Cuyahoga Nos. 105081 and 105082, 2017-Ohio-7175, this court vacated Grayson's sentence. We stated, "Sentence vacated." *Id*. at ¶ 28. Our remand order and instructions vacated all of Grayson's sentences, including Counts 5 through 10, not just the sentences affected by his allied-offenses argument. Thus, the trial court was following our remand instructions when it resentenced Grayson on all charges. I would further note that at the resentencing hearing, neither Grayson nor the state objected to the trial court resentencing Grayson on all offenses.

**{¶38}** Nonetheless, in *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, the Ohio Supreme Court held at paragraph three of the syllabus that "[a]n appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the

sentence for a single offense." The Ohio Supreme Court has further held that while "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing[,] * * * only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Thus, based upon *Saxon* and *Wilson*, I agree that the trial court could not alter the base sentences in Counts 5 through 10 at the resentencing hearing.

{¶39} I disagree, however, that it is because the trial court lost "jurisdiction" to resentence Grayson on those counts. The majority states at ¶ 18 of its opinion that "[b]ecause Grayson was remanded only for resentencing on Counts 1-4, the trial court patently lacked jurisdiction to alter the valid and final sentences imposed on Counts 5, 6, 7, 8, 9, and 10 that were unaffected by the direct appeal." In support of this statement, the majority relies on *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 14. This paragraph in *Holdcroft*, however, establishes that the trial court does not lose jurisdiction *until* a valid prison sanction has been served. *Id.* at ¶ 14, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶40} Instead, the Ohio Supreme Court explained in *Saxon*:

When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing. To hold otherwise would essentially abrogate the doctrine of res judicata for multicount sentences and precludes finality in sentencing. Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses.

*Saxon* at ¶ 19. Thus, the Supreme Court's holding in *Saxon* (on which *Holdcroft* bases its decision) is rooted in the doctrine of res judicata and finality of judgments, not jurisdiction.

**B. Original Sentence on Remaining Counts**

{¶41} Although I believe this issue is moot because the trial court must resentence Grayson once again on the consecutive and concurrent nature of the sentences, I disagree with the majority that Grayson's original sentence on the "unaffected" counts, Counts 5 through 10, was an aggregate term of 11 years in prison. The majority gets to this number after concluding that the original sentence for Count 5 was a "3-year firearm specification to be served prior to and consecutive with 8 years on the base charge" for an "11-year aggregate term." I agree that for Count 5 the trial court stated, "3-year firearm specification to be served prior to and consecutive with 8 years on the base charge," but I disagree that the original aggregate sentence that Grayson received for this offense was an "11-year aggregate term." At the original sentencing hearing, the trial court merged all of the firearm specifications into a single three-year prison term that was attached to the improperly discharging a firearm count. The aggregate sentence for Counts 1 through 4 was 23 years. The trial court ran the sentences on all other counts concurrent to the 23 years. Thus, the aggregate prison term for Count 5, felonious assault, was 8 years, not 11 years.

{¶42} The majority states, "[T]he dissent claims that 'merging' the sentences on the firearm specifications as between Counts 1-5 also 'merged' the 3-year sentence on the firearm specification attendant to Count 5 with the base sentence on the same count." *Ante* at ¶ 14. The dissent claims no such thing. This writer is well aware that specifications attached to a base charge do not merge into the base charge.

{¶43} In Grayson's supplemental brief to this court, he also asserts that his original aggregate sentence for Count 5 was eight years because the trial court merged all of the firearm specifications. Grayson is correct. The majority responds to Grayson, however, saying that he is mistaken because to do so would violate R.C. 2929.14(C)(1)(a), which requires a trial court to

impose a sentence on the attendant firearm specification and order that it be served prior to and consecutive to the base sentence.[1]  While R.C. 2929.14(C)(1)(a) does require this, the trial court can still merge specifications and is even required to do so in many cases under R.C. 2929.14(B)(1)(b).

{¶44}  Indeed, under R.C. 2929.14(B)(1)(b), a trial court is prohibited from imposing more than one prison term for firearm specifications "associated with felonies 'committed as part of the same act or transaction.'"  *State v. Nelson*, 8th Dist. Cuyahoga No. 104336, 2017-Ohio-5568, 93 N.E.3d 472, ¶ 81, citing R.C. 2929.14(B)(1)(b).  R.C. 2929.14(B)(1)(b) states in relevant part that if a trial court imposes a prison term for a one- or three-year firearm specification, the court "*shall not impose*" more than one prison term on an offender for these specifications "for felonies committed as part of the same act or transaction" — except as provided in R.C. 2929.14(B)(1)(g).  (Emphasis added.)  "'Same act or transaction' means a series of continuous acts bound together by time, space and purpose, and directed toward a single objective."  *State v. Nowden*, 2d Dist. Clark No. 07CA0120, 2008-Ohio-5383, ¶ 77, citing *State v. Wills*, 69 Ohio St.3d 690, 635 N.E.2d 370 (1994).  In determining whether felonies are committed as part of the same act or transaction, "[t]he test is not whether there was a separate animus for each offense; the appropriate consideration is whether the defendant 'had a common purpose in committing multiple crimes' and engaged in a 'single criminal adventure.'"  *State v. Like*, 2d Dist. Montgomery No. 21991, 2008-Ohio-1873, ¶ 40, quoting *State v. Adams*, 7th Dist. Mahoning No. 00 CA 211, 2006-Ohio-1761.  In this case, Grayson fired six shots into the window of a home.

---

[1] The majority fails to mention that the trial court's original sentence on Count 7 was also contrary to law under this same reasoning because it failed to include a sentence for the three-year firearm specification in violation of R.C. 2929.14(C)(1)(a), which the trial court corrected at the resentencing hearing.

For purposes of determining whether firearm specifications merge, Grayson's act of firing several shots into a home was part of the same act or transaction.

**{¶45}** R.C. 2929.14(B)(1)(g), however, provides an exception to this general rule:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section [i.e. a specification of the type described in R.C. 2941.141, 2941.144, or 2941.145], in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶46}** Pursuant to R.C. 2929.14(B)(1)(g), therefore, a trial court must impose prison terms for the two most serious specifications, and it also has discretion to impose a sentence for any other specification. *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170, ¶ 53, citing *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987. Further, multiple terms for the firearm specifications under R.C. 2929.14(B)(1)(g) must be served consecutively. As we stated in *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785:

> "While the General Assembly did not include the word 'consecutive' in R.C. 2929.14(B)(1)(g), it nonetheless carved out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ('the court shall impose') also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as murder or felonious assault. Had the Legislature intended a per se rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much. Or, the Legislature could have chosen not to codify R.C. 2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction."

*Id.* at ¶ 10, quoting *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876.

**{¶47}** The majority also does not mention that the trial court's decision to merge all of the firearm specifications at the original sentencing hearing was contrary to law pursuant to R.C. 2929.14(B)(1)(g) — another error that the trial court recognized at the resentencing hearing and could correct. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (a sentence that is contrary to law may be reviewed at any time). Grayson was convicted of two or more felonies, three of which were felonious assault with one- and three-year firearm specifications. The trial court was therefore required to impose consecutive sentences on the two most serious firearm specifications. *Nelson*, 2017-Ohio-5568, 93 N.E.3d 472, at ¶ 81 (8th Dist.); *Nitsche* at ¶ 53; *Vanderhorst* at ¶ 10. Grayson's felonious assault and improperly discharging a firearm convictions were second-degree felonies that carried one- and three-year firearm specifications. The three-year firearm specifications attached to these counts were the most serious firearm specifications that had to be served consecutively.

**{¶48}** Thus, at the resentencing hearing, the trial court ordered that the firearm specification associated with Count 5 be served consecutive to the firearm specification associated with Count 1. The effect of this correction after the resentencing hearing is that Grayson's sentence for Counts 5 through 10 would now be 11 years rather than 8 years.

**{¶49}** In sum, if this court were to retain Grayson's original sentence on Counts 5 through 10, as the majority states we must do, then Grayson's sentence for those counts was 8 years (because Counts 5 through 10 were concurrent), not 11 years. According to the majority's analysis then, Grayson's sentence would now be 8 years for Counts 1 through 4 and 8 years for Counts 5 through 10, for a total of 16 years in prison, not 19 years.

**C. Consecutive or Concurrent Nature of the Sentence**

**{¶50}** It is also my view that, without question, the trial court could upon remand determine whether the sentences for all offenses should be served consecutively or concurrently to one another. In *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, the Ohio Supreme Court explained:

> Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.

*Id*. at ¶ 9.

**{¶51}** The Ohio Supreme Court reiterated this rule in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, stating:

> "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time," and "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively."

*Id*. at ¶ 16, quoting *Saxon*; *see also State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 18 ("[A]fter the sentencing court imposes a separate prison term for each conviction, it may exercise its discretion to determine whether consecutive sentences are appropriate based upon the particular facts and circumstances of the case").

**{¶52}** This court has relied on the rule set forth in *Saxon* to hold that when convictions for multiple offenses are vacated and remanded for the trial court to merge the offenses as allied

offenses of similar import, the consecutive or concurrent nature of a defendant's sentence is necessarily vacated as well. *See State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 24.[2]

**{¶53}** In *Huber*, the defendant was convicted of two counts of aggravated robbery and one count of kidnapping and attempted felonious assault. In his direct appeal, this court vacated his sentence for the two aggravated robbery convictions that were allied offenses because the trial court incorrectly merged the sentences rather than the convictions. *State v. Huber*, 8th Dist. Cuyahoga No. 93923, 2011-Ohio-62, ¶ 32. However, we affirmed the trial court's imposition of consecutive sentences. *Id*. at ¶ 38. We therefore "affirmed [the judgment] in part, reversed [it] in part, and remanded for resentencing consistent with [our] opinion." *Id*. at ¶ 38.

**{¶54}** Upon remand, the state elected to proceed on the first count of aggravated robbery. After hearing from defense counsel and Huber, the trial court merged the second count of aggravated robbery into the first count of aggravated robbery and imposed a prison term of six years for aggravated robbery. The trial court noted that Huber's sentences for kidnapping and attempted felonious assault remained the same, as well as the court's order that the aggravated robbery, kidnapping, and attempted felonious assault prison terms be served consecutive to one another. Thus, the trial court imposed an aggregate sentence of 15 years in prison.

**{¶55}** Huber appealed the resentencing judgment. *Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139. Among other things, Huber argued on appeal that the trial court's imposition of consecutive sentences was contrary to law and an abuse of discretion. *Id*. at ¶ 1. In analyzing this issue, we explained:

---

[2]A section of *Huber* (relating to court costs) has been superseded by statute, but that section is not relevant to this case. *See State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 13.

[T]he trial court should have sentenced him de novo on the consecutive portion of his sentence. Normally, under the law of the case, the consecutive nature of a defendant's sentence would remain intact upon resentencing if this court affirmed it on direct appeal. But in this case (although we affirmed the consecutive nature of Huber's sentence in his direct appeal), the effect of [Huber's direct appeal] is that Huber *did not have a sentence for aggravated robbery* when he was brought back into court for resentencing. In *Saxon*, the Ohio Supreme Court explained that "[o]nly after the judge has imposed *a separate prison term for each offense* may the judge then consider in his [or her] discretion whether the offender should serve those terms concurrently or consecutively." (Citations omitted.) *Id*. at ¶ 9. Thus, at the resentencing hearing in this case, the trial court first had to sentence Huber on the merged count of aggravated robbery — so that he had a separate prison term for each offense — before it could consider whether the prison terms for the offenses should be served consecutively or concurrently. *Id*.

*Id*. at ¶ 24.

**{¶56}** We followed this same principle in *State v. Nunez*, 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812. In Nunez's direct appeal, this court concluded that the trial court erred when it failed to merge two counts of kidnapping and two counts of rape. *State v. Nunez*, 8th Dist. Cuyahoga No. 93971, 2010-Ohio-5589. ¶ 41. We remanded for a new sentencing hearing, noting that the state should "choose which charge it wishe[d] to proceed under." *Id*. at ¶ 42. Nunez appealed from his resentencing entry, challenging the consecutive nature of his sentence that was imposed upon remand. Following the reasoning set forth in *Huber*, we explained:

[W]here a matter is remanded for the merger of allied offenses, the consecutive nature of the sentence, if so imposed, is no longer intact because it is only after the judge has imposed a separate prison term for each offense that the judge may consider whether the offender shall serve those terms concurrently or consecutively. [*Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139], ¶ 24, citing [*Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824]. Thus, at a resentencing hearing in such a case, the trial court must first sentence the defendant on the merged offense or offenses before it may consider whether the prison terms should be served consecutively or concurrently. *Huber* at ¶ 24.

In *Nunez I*, we remanded the matter for a new sentencing hearing with respect to the allied offenses. *Nunez*, 8th Dist. Cuyahoga No. 93971, 2010-Ohio-5589, ¶ 44. At the sentencing hearing, the trial court first had to impose a prison term upon the state's elected offenses before the court could determine whether Nunez should

serve consecutive or concurrent prison terms. Therefore, we shall review the challenge raised herein.

*Nunez*, 8th Dist. Cuyahoga No. 102946, 2016-Ohio-812, at ¶ 12-13.

{¶57} Other courts have similarly held that when a multicount criminal case is remanded for resentencing on one or more convictions, the trial court retains discretion to determine the consecutive or concurrent nature of the sentences as a whole. In *State v. O'Neill*, 6th Dist. Wood No. WD-12-002, 2013-Ohio-50, the defendant argued in pertinent part that the trial court erred when it sentenced him anew upon remand on the consecutive portion of his sentence. Specifically, the defendant argued that the trial court should not have ordered that his sentence for Count 1 be served consecutively to Count 2 when he was resentenced because in his original sentence, the trial court ordered Counts 1 and 2 to be served concurrently. The defendant's sentence for Count 2 had been affirmed in the defendant's direct appeal and had never been subject to resentencing. The Sixth District stated, "[t]he issue we must decide is whether the concurrent designation is part of O'Neill's sentence on Count 2." *Id*. at ¶ 14. The court concluded it was not. *Id*. The court explained:

> In so holding, we are informed by the Ohio Supreme Court's analysis in rejecting the "sentencing package" doctrine, "a federal doctrine that requires the court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 5. The Ohio Supreme Court reasoned that such an approach is not appropriate in Ohio where "there is no potential for an error in the sentence for one offense to permeate the entire multicount group of sentences;" the felony-sentencing scheme "is clearly designed to focus the judge's attention on one offense at a time." *Id*. at ¶ 8.

*O'Neill* at ¶ 14.

{¶58} The Sixth District then quoted the same paragraph from *Saxon* (paragraph 9) that we relied on in *Huber* and *Nunez*, emphasizing the following sentence: "'Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion

whether the offender should serve those terms concurrently or consecutively.'" *O'Neill* at ¶ 14, quoting *Saxon*. The Sixth District concluded:

> Thus, the sentence imposed on *O'Neill* on Count 2 is comprised of the prison term ordered to be served; it does not include the designation that the term is to be served concurrently. *See* R.C. 2929.01(EE) ("'Sentence' means the sanction or combination of sanctions imposed by the sentencing court on *an* offender who is convicted of or pleads guilty to an offense." (Emphasis [sic].)). Therefore, the trial court retained discretion to impose the sentences for Counts 1 and 3 concurrently or consecutively to the existing sentence for Count 2.

*Id.* at ¶ 15.

{¶59} Likewise, in *State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2014-Ohio-4493, the defendant argued in relevant part that res judicata "barred the trial court from deciding to run the counts consecutively when it had previously run them concurrently because neither he nor the state successfully challenged the concurrent sentences for these counts by timely appeal." *Id*. at ¶ 25. The Fourth District disagreed, stating that in *Saxon*,

> [T]he Supreme Court emphasized that each individual sentence is comprised of only the sanctions, including the prison term, for each offense, and that "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively."

*Id*., quoting *Saxon*.

{¶60} Here, the majority states that "[t]he concurrent or consecutive manner in which a base sentence is to be served is vacated only if that underlying sentence is reversed or vacated upon appeal." *Ante* at ¶ 25. I disagree. In *Mockbee*, the Fourth District concluded the exact opposite:

> This result is eminently logical. When a defendant is convicted of multiple offenses, the trial court must consider each individual sentence before it determines whether and which sentences should be served consecutively pursuant to R.C. 2929.14(C)(4). When some of those convictions that formed the basis for the trial court's original determination of which sentences should be served consecutively are vacated on appeal, the original determination is impacted by the vacated

convictions. In that event, the trial court should be able to exercise its discretion on resentencing to make that determination based solely on the individual convictions and sentences that remain viable. That is, a trial court may make a different determination when there are five convictions instead of ten convictions. If this were not the case, trial courts might be inclined to order that all sentences be served consecutively no matter how many offenses are involved for fear that some convictions could be vacated on appeal without the court being permitted to exercise its discretion to order them to be served consecutively upon remand.

*Id.* at ¶ 28.[3]

{¶61} Thus, I disagree with the majority's conclusion that "[t]he *Nunez* decision is narrow" and that "the dissent's reliance" on it is misplaced.

{¶62} The majority further states at paragraph 28, "Since 'consecutive sentences' are not 'an aggregate sentence' under Ohio law according to *Holdcroft* at ¶ 6, it follows that the imposition of consecutive or concurrent service rises and falls with the finality of that individual sentence." Foremost, I disagree that *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, stands for that proposition. Secondly, I disagree with the majority's conclusion of what *Holdcroft* implies about consecutive and concurrent service. Indeed, it is my view that *Holdcroft* does not have anything to do with the issues presented in this case. An in-depth review of *Holdcroft* is necessary.

{¶63} In *Holdcroft*, the trial court sentenced the defendant to consecutive prison terms of ten years for aggravated arson and five years for arson. The trial court notified Holdcroft that he would be subject to postrelease control upon his release from prison, but it failed to state the duration of the sanction. After the defendant had served over ten years in prison, the trial court

---

[3]The Ohio Supreme Court did not accept discretionary review of *Mockbee*. *See State v. Mockbee*, 142 Ohio St.3d 1449, 2015-Ohio-1591, 29 N.E.3d 1004. The Fourth District, however, granted Mockbee's application to reopen the appeal limited to one assignment of error, namely, that his counsel was ineffective for failing to raise the issue that the trial court could not alter or increase his "sentences that had been fully executed." *State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, ¶ 13. This issue did not affect the portion of the previous appeal that we discuss here.

held a resentencing hearing to properly notify the defendant about the mandatory and discretionary periods of postrelease control that he would be subject to for the two offenses. The defendant appealed. The Third District upheld the trial court's judgment resentencing the defendant, explaining:

> [F]or purposes of determining whether a trial court has jurisdiction to resentence a defendant to properly include PRC, a journalized sentence for a single case that includes consecutive sentences on separate convictions (Counts) does not expire until the aggregate time of the consecutive sentences for all the convictions (Counts) expires.

*State v. Holdcroft*, 3d Dist. Wyandot No. 16-10-13, 2012-Ohio-3066, ¶ 42.

{¶64} The Ohio Supreme Court certified the following conflict question for review:

> Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory post-release control regarding a particular conviction, *when the defendant has served the stated prison term regarding that conviction*, but has yet to serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?

(Emphasis added.) *Id*. at ¶ 4.

{¶65} The fact that *Holdcroft* was a certified-conflict case should not be overlooked. The question certified by the Ohio Supreme Court *presumed* that the defendant *had already served* his sentence. That is significant because that means that the Ohio Supreme Court did not consider the manner or order in which consecutive sentences are served. It is well established that the Supreme Court's silence on an issue does not equate to a holding or position regarding that issue. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11 ("A reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication."). The Supreme Court could have considered the nature of a consecutive sentence in *Holdcroft*, but it did not. The majority's statement that because "consecutive sentences" are not an "aggregate

sentence" under *Holdcroft* at ¶ 6, "it follows that the imposition of consecutive or concurrent service rises and falls with the finality of that individual sentence," assumes a holding from *Holdcroft* on a "question [that] might have been raised * * * [but was] not passed upon."   *Payne* at ¶ 11.

{¶66} The Ohio Supreme Court reversed the Third Appellate District's judgment in *Holdcroft* and held:

> Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense.   It is irrelevant whether the defendant is still in prison for other offenses.

*Id.* at ¶ 19.

{¶67} The three paragraphs of the syllabus of *Holdcroft* state:

> 1. A sentence is a sanction or combination of sanctions imposed for an individual offense. (*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, applied.)

> 2. When a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease-control sanction is void. (*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, applied.)

> 3. A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense.

{¶68} The entirety of the sixth paragraph of *Holdcroft* (the paragraph the majority relies on for its claim that because "consecutive sentences" are not an "aggregate sentence" under *Holdcroft* at ¶ 6, "it follows that the imposition of consecutive or concurrent service rises and falls with the finality of that individual sentence") states:

> Resolution of this issue is helped significantly by examining the definitions of the words "sentence," "sanction," and "conviction" and by reviewing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, which offers insight into Ohio's felony-sentencing structure.   In *Saxo*n, this court addressed and rejected the use of the "sentencing package" doctrine by Ohio's appellate courts.   Under that

doctrine, a defendant's sentences in a multiple-conviction judgment entry are viewed in the aggregate, and if one of the sentences is vacated on appeal, the trial court has the authority to review the entire "sentencing package" on remand. *Id*. at ¶ 5. In *Saxon*, we concluded that the doctrine did not apply in Ohio, because "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time." *Id*. at ¶ 8. In so holding, we observed that R.C. 2929.01(EE) (formerly numbered R.C. 2929.01(FF)) defines "sentence" as "'the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to *an offense*.'" (Emphasis [sic].) *Id*. at ¶ 12. Further support for the *Saxon* rule can be found in R.C. 2929.01(DD), which states that "'[s]anction' means any penalty imposed upon an offender who is convicted of or pleads guilty *to an offense*, *as punishment for the offense*" (emphasis [sic]) and in *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135, which recognizes that a criminal "conviction" consists of both a finding of guilt and the imposition of a sentence. *See also State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12, and *State v. Poindexter*, 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (1988). In sum, under both the Revised Code and this court's decisions, a conviction is composed of a finding of guilt and a sentence, a sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence.

**{¶69}** After thoroughly reviewing *Holdcroft* numerous times, particularly paragraph 6 of the Ohio Supreme Court's opinion, it is this writer's view that neither the opinion nor the paragraph supports the majority's statement. It is also my view that *Holdcroft* has no relevance whatsoever to the present case. Rather, *Holdcroft* was primarily concerned with the fact that a trial court lacks jurisdiction to resentence a defendant once the defendant has served his or her sentence. *See Holdcroft* at ¶ 14.

**{¶70}** The Twelfth District faced the exact same concern as *Holdcroft* in *State v. Metcalf*, 12th Dist. Warren No. CA 2015-03-022, 2016-Ohio-4923, which the majority cites for the proposition that "[c]onsecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a 'sentencing package.'" *Id*. at ¶ 11. The Twelfth District held that the trial court could not resentence the defendant to add a sexual offender classification when the defendant had already served his sentence for the offense related to the classification. *Id.* at ¶

21. *Metcalf*, like *Holdcroft*, was concerned with the fact that the defendant had served his sentence and, therefore, the trial court lacked jurisdiction to resentence him. *Id.* at ¶ 21. Thus, *Metcalf*, like *Holdcroft*, has no bearing on the present case.

**{¶71}** Notably, in *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, the Supreme Court relied heavily on *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and the fact that *Saxon* held that the "sentencing package" doctrine has no applicability in Ohio. *Holdcroft* at ¶ 6, quoting *Saxon*. But it was also in *Saxon* where the Supreme Court, in rejecting "a 'lump' sentence approach," explained:

> Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. *Only after the judge has imposed a separate prison term for each offense* may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.

(Emphasis added.) *Saxon* at ¶ 9.

**{¶72}** To conclude, I would reverse the trial court's judgment and remand for the trial court to reinstate the original base sentences on Counts 5 through 10 except those portions of the original sentence that were contrary to law. I would also reverse the trial court's judgment regarding the consecutive and concurrent manner in which the sentences are to be served, because again, the trial court cannot determine the consecutive and concurrent manner until there is a sentence for each offense. Thus, once the trial court reinstates the original sentences on Counts 5 through 10, with the corrections that were contrary to law (the firearm specifications attached to Counts 1 and 5 will be served consecutively to each other for a total of six years with the remaining firearm specifications merging into these two), then the trial court must determine whether the base sentences on all of the offenses should be served consecutive or concurrent to one another.